NATHAN FISHBEIN, Appellant, v. BLANCHE FISHBEIN, Respondent.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office March 30, 1917, dismissing the complaint for insufficiency of evidence upon a trial at Special Term.

PER CURIAM: Without expressing any opinion with respect to the sufficiency of the evidence to warrant an annulment of the marriage, we affirm the judgment on the ground that the defendant was an infant and that the court was, therefore, justified, when the plaintiff moved the case for trial without having a guardian *ad litem* appointed for defendant, in dismissing the complaint, for plaintiff could not in those circumstances take judgment by default. (See Code Civ. Proc. § 1218.) The judgment should be affirmed, without costs. Present — Clarke, P. J., Laughlin, Scott, Davis and Shearn, JJ. Judgment affirmed, without costs.

---

SAM POMERANTZ, Respondent, v. LEO SCHLESINGER, Appellant.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office November 25, 1916, upon the verdict of a jury, and also from an order entered January 19, 1917, denying the defendant's motion for a new trial.

PER CURIAM: The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide event, on the ground that the finding of the jury of the defendant's negligence is against the weight of evidence; and also upon the ground that error was committed in receiving evidence as to repairs upon the machine in question after the accident. Present — Clarke, P. J., Scott, Dowling, Page and Davis, JJ. Judgment and order reversed and new trial ordered, with costs to appellant to abide event.

---

WILLIAM LIEBOWITZ, an Infant, etc., by KIEVA LIEBOWITZ, His Guardian ad Litem, Respondent, v. THE H. B. CLAFLIN CORPORATION, Appellant.

Appeal from an order entered in the New York county clerk's office January 2, 1917, setting aside a verdict and granting a new trial.

Order affirmed, with costs. No opinion. Present — Clarke, P. J., Laughlin, Scott, Davis and Shearn, JJ.; Scott, J., dissented.

SCOTT, J. (dissenting): I dissent upon the ground that the court, having once heard and denied a motion for a new trial, had no authority to rehear the motion except upon motion for reargument or on motion at Special Term upon a case made.