JOHN P. CESAREO, Plaintiff, v. MAE E. B. CESAREO, Defendant.

Supreme Court, New York County, March 16, 1929.

Jeanette M. Fox, for the motion.

Philip Bongiorno, opposed.

BIJUR, J. This is a motion by the defendant wife for alimony for her own support and the support of an infant child and for a counsel fee for her attorney in an annulment action brought by her husband. Plaintiff seeks to have the marriage annulled on the ground that defendant had a former husband living at the time of the marriage. Defendant's affidavits show sufficiently that she was married to one Burns, who in November, 1924, deserted her and their child, without cause. Burns and the defendant had been domiciled in New York. On the 15th of June, 1926, defendant was ceremonially married to the plaintiff in New York. In January, 1927, plaintiff and defendant moved to Chicago with the intent to change their domicile from New York to Illinois. On August 6, 1928, divorce proceedings were commenced by the defendant against Burns in Illinois. Burns was served by publication. The decree was entered on October 9, 1928, in favor of the present defendant. There was no further ceremony between the present parties, but they contracted a common-law marriage after the Chicago decree. Not only was the plaintiff probably fully cognizant that defendant was not divorced from Burns when he entered into the ceremonial marriage here, but he represented to defendant that he was an attorney; that he had secured a divorce for her, and that it was perfectly legal for her to celebrate the ceremonial marriage with him. Plaintiff testified in the action in Illinois as a witness on behalf of the present defendant that " she was abandoned by her husband," and he thereafter continued to live with her and to support her for some time. Under these circumstances it appears to be clear, on the authority of Kaufman v. Kaufman (1917, 177 App. Div. 162), that, at the very least, defendant is likely to succeed in this action and is entitled to alimony pendente lite as the wife of plaintiff. (See Higgins v. Sharp, 164 N. Y. 4; North v. North, 1 Barb. Ch. 241.) One of the prayers of the complaint is " that the legitimacy of the child be determined." Following the practice in Smith v. Smith (N. Y. L. J. Feb. 3, 1925, p. 1695, GIEGERICH, J.); Jones v. Jones (N. Y. L. J. Aug. 27, 1928, WALSH, J.); Stillman v. Stillman (N. Y. L. J. Nov. 1, 1922, p. 367, MORSCHAUSER, J.), a special guardian should be appointed to protect the interests of the infant. The infant, moreover, needs medical treatment, and the alimony will, therefore, have to be sufficient to cover the special care of the child.

Herbert Smythe is appointed special guardian of the infant, Richard Cesareo, and a fee of $250 is awarded him for his services. Alimony $25 per week. Counsel fee $250. Settle order.