ETTA Y. SOMBERG, Respondent, *v.* JUDITH G. SOMBERG et al., Appellants.

(Submitted October 5, 1933; decided November 21, 1933.)

*Harold Flatto* for Judith G. Somberg et al., appellants. The complaint does not state facts entitling the plaintiff to injunctive relief. (*Woolsey* v. *Judd*, 11 How. Pr. 54; *Brandreth* v. *Lance*, 8 Paige, 24; *N. Y. J. G.* v. *Roosevelt*, 7 Daly, 188; *Manger* v. *Dick*, 55 How. Pr. 132; *Baumann* v. *Baumann*, 250 N. Y. 382.)

*Arthur D. Goldstein* for Joseph S. Somberg, appellant. The declaratory judgment sought by plaintiff is neither useful, necessary nor proper under the admitted allegations in the complaint. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Marine Lighterage Corp.* v. *Luckenbach S S. Co.*, 139 Misc. Rep. 612; *Matter of State Industrial Commission*, 224 N. Y. 13; *Wardrop Co.* v. *Fairfield Gardens, Inc.*, 237 App. Div. 605.) The complaint does not state facts entitling the plaintiff to injunctive relief. (*Woolsey* v. *Judd*, 11 How. Pr. 54; *Brandreth* v. *Lance*, 8 Paige, 24; *N. Y. J. G.* v. *Roosevelt*, 7 Daly, 188; *Manger* v. *Dick*, 55 How. Pr. 132; *Baumann* v. *Baumann*, 250 N. Y. 382.)

*Abraham J. Halprin* for respondent. Plaintiff is entitled to a declaratory judgment under section 473 of

the Civil Practice Act, adjudicating her status as the wife of the defendant Joseph S. Somberg. (*Baumann* v. *Baumann*, 222 App. Div. 460; 250 N. Y. 382; *Morecroft* v. *Taylor*, 225 App. Div. 562.)

KELLOGG, J.   The complaint makes these allegations: The plaintiff and defendant Joseph S. Somberg intermarried, in the State of New York, on the 17th of May, 1918.   No court of competent jurisdiction by any decree has ever dissolved such marriage.   In the month of June, 1932, the defendant Rose Baskind and the defendant Joseph S. Somberg moved into certain premises which they are now occupying as Mr. and Mrs. Joseph S. Somberg.   Although they have not married, they have had intercourse, and are living as husband and wife. As a result of their intercourse they have had a child, born in August, 1932, known as Judith Gail Somberg, one of the defendants.   They have advised all persons who have come in contact with them that Rose Baskind is the legal wife of Joseph S. Somberg.   They have informed everyone that Judith Gail Somberg is the lawful child of a marriage between them.   Many people believe that the plaintiff and her husband, Joseph S. Somberg, were divorced; that the latter was thereafter lawfully married to Rose Baskind; that the defendant Judith Gail Somberg is the issue of such marriage.   Judgment is demanded declaring that the plaintiff is the lawful wife of Joseph S. Somberg; that Rose Baskind be restrained from using the name of Rose Somberg; that Joseph S. Somberg be enjoined from holding out to the public that Rose Baskind is his lawful wife and that Judith Gail Somberg is his lawful issue; that Rose Baskind and Joseph S. Somberg be enjoined from holding themselves out as husband and wife and from using the name of Mr. and Mrs. Joseph S. Somberg.   In a case where quite similar facts were not only alleged but proven we held that the plaintiff was not entitled to injunctive

relief such as is here demanded. (*Baumann* v. *Baumann*, 250 N. Y. 382.) On the other hand, we held that the plaintiff was entitled to a declaratory judgment that the plaintiff was the lawful wife of the defendant, and that the two had never been divorced by a court of competent jurisdiction. In this case, it has been held that, assuming the truth of the facts alleged, the plaintiff would similarly be entitled to a judgment declaring her marital status. We think that no case for such relief has here been stated, and that, in this respect, the case differs widely from that alleged and proven in *Baumann* v. *Baumann* (*supra*). There the husband had procured, in the State of Yucatan, Mexico, under the laws of that State, a decree or document, which purported to grant him a divorce from the plaintiff. In order to establish the continuance of the plaintiff in her original marital state it was appropriate for the court to try out and determine the question of the validity of the ostensible divorce obtained. Here it is not asserted that there has been obtained in this State, or in any other State in this country or elsewhere, a decree, or other document impugning the continuance of the marital relation existing between the plaintiff and Joseph S. Somberg. On the contrary, the plaintiff herself alleges that no decree divorcing the parties has ever been granted. That the husband has been divorced from the plaintiff and been married to the woman with whom he now lives is merely the idle talk of acquaintances. Generally speaking, courts do not function to declare the truth or falsity of statements set in motion by rumor. Especially, it is not fitting here that the court should solemnly declare the continuance of the marital status of the plaintiff, with its necessary corollary that Rose Baskind is living in adultery and that her child is illegitimate. A declaratory judgment may be resorted to only when circumstances render it " useful and necessary;" where it will " serve some practical end in quieting or stabilizing an uncertain

or disputed jural relation either as to present or prospective obligations." (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305.) "Where there is no necessity for resorting to the declaratory judgment, it should not be employed." (Id.) The plaintiff's status, as the wife of Joseph S. Somberg, is secure. If rumor casts doubt upon it, no declaration by the court that it is false will be useful to suppress it.

The order of the Appellate Division should be reversed, that of the Special Term dismissing the complaint affirmed, without costs, and the question certified should be answered in the negative.

CRANE, J. (dissenting). Living with a paramour as a legitimate wife under the appellation of Mr. and Mrs. Somberg, is no mere rumor; it is a falsehood, intended to deceive. Maybe a lawful wife has no right to the exclusive use of her name and position before the public as against an usurper who falsely personates her, but I cannot agree to it. I dissent on my reasons stated in *Baumann* v. *Baumann* (250 N. Y. 382).

POUND, Ch. J., LEHMAN and HUBBS, JJ., concur with KELLOGG, J.; O'BRIEN and CROUCH, JJ., dissent, and CRANE, J., dissents in memorandum.

Ordered accordingly.