FRANCIS A. KIEBLER, JR., Plaintiff, *v.* ANNA KIEBLER, Defendant.

Supreme Court, Special Term, Queens County, January 9, 1939.

*Michael E. Maher,* for the plaintiff.

*Flavius N. Costerella* [*Charles Rothenberg* of counsel], for the defendant.

FROESSEL, J. This is a motion by plaintiff under rule 109 of the Rules of Civil Practice to dismiss the counterclaim of the defendant upon the ground that it is not one which may be properly interposed in the action. The plaintiff's cause of action seeks a judgment of this court declaring that the plaintiff is divorced from the defendant herein; that a judgment of divorce which he obtained on the ground of desertion in the State of New Jersey against the present defendant, based on service by publication, be declared to be a valid decree and that the parties herein are, therefore, not husband and wife; and for an injunction restraining the defendant, among other things, from holding herself out as the wife of the plaintiff. The defendant, in addition to her denials, counterclaims and seeks a divorce upon the ground of adultery occurring after the alleged decree of divorce aforesaid.

There is grave doubt in my mind as to the sufficiency of the plaintiff's complaint. (*Somberg* v. *Somberg*, 263 N. Y. 1; *Newburger* v. *Lubell*, 257 id. 383; *James* v. *Alderton Dock Yards*, 256 id. 298; *Miller* v. *Miller*, 219 App. Div. 61; affd., 246 N. Y. 636. See Rules Civ. Prac. rule 212.) Certainly, the courts of this State have clearly held that injunctive relief will not be granted in this character of action (*Somberg* v. *Somberg, supra; Baumann* v. *Baumann*, 250 N. Y. 382; *Lowe* v. *Lowe*, 265 id. 197); and while declaratory judgments have been granted, as in the two cases last cited, " in order to establish the continuance of the plaintiff in her original marital state " (*Somberg* v. *Somberg, supra*), I have been unable to find that an action for a declaratory judgment to establish the *destruction* of the marital state, based upon a foreign judgment of divorce on a ground other than adultery, obtained as in this case, has been upheld. The foregoing view would justify the denial of this motion, for it is elementary that " he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it " (*Baxter* v. *McDonnell*, 154 N. Y. 432, 436); or, as it has been otherwise aptly stated, " a bad answer is good enough for a bad complaint." (*New Amsterdam Casualty Co.* v. *National U. F. I. Co.*, 236 App. Div. 494.) However, inasmuch as no counter-motion under section 117 of the Civil Practice Act has been made, the court will make no disposition with regard to the complaint. (*Kronman* v. *Kronman*, 247 App. Div. 186.)

Assuming, on the other hand, that the complaint were legally sufficient, the motion should nevertheless be denied. The primary relief demanded in paragraph " 1 " of plaintiff's prayer is: " That

the plaintiff is divorced from Anna Kiebler, the defendant." A judgment granting this demand would carry with it precisely the same consequences as a judgment for divorce originally and properly obtained in this State. Thus, while plaintiff seeks a declaratory judgment under section 473 of the Civil Practice Act, it is clearly matrimonial in nature, and in my opinion may be deemed to be a " matrimonial action " within the purview of section 1168 of the Civil Practice Act. Whether or not the parties to this action are now husband and wife is a vital issue in each of their alleged causes of action.

Accordingly, the motion to strike out defendant's counterclaim is denied, with ten dollars costs. The plaintiff may serve his reply to the counterclaim within ten days of the service of a copy of the order to be entered herein. Submit order.