In the Matter of the Application of EDDIE MELIS, Petitioner, Appellant, for a Mandamus Order against DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK and F. A. MARRON, Clerk of the Domestic Relations Court of the City of New York for the County of Bronx, Respondents.*

First Department, December 20, 1940.

* Affg. 173 Misc. 630.

*Samuel D. Reidel,* for the appellant.

*Paxton Blair* of counsel [*Rose Schneph* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondents.

Cohn, J.  In 1935 Lillie Melis petitioned the Domestic Relations Court for an order compelling her husband, Eddie Melis, the appellant, to support her and a daughter, who was born in 1929. Upon the trial in the Domestic Relations Court he succeeded in defeating the petition in so far as it demanded support for the child, the court having decided that the wife had failed to prove that appellant was the father of the child.

Thereafter appellant requested the clerk of the Domestic Relations Court, one of the respondents herein, to notify the department of health that the issue of parentage had been determined by that court.  This demand was refused, as was an application made to the other respondent herein, department of health of the city of New York, that it expunge from its records any reference to appellant as the father of the child.

The present proceeding under article 78 of the Civil Practice Act was brought by appellant to compel respondents to comply with the demands made upon them by appellant who asserted he was entitled to the relief by virtue of the provisions of section 254 of the Judiciary Law.  Special Term denied the application and appellant now appeals from the order entered thereon.

We think that the Special Term correctly decided that a finding of non-parentage incidental to a proceeding to compel support in the Family Court branch of the Domestic Relations Court is not a determination within the purview of section 254 of the Judiciary Law, which, so far as pertinent, provides as follows:

" § 254.  * * *  When a court of competent jurisdiction shall make a determination as to the parentage of any person, the clerk of the court shall forthwith transmit to the State Commissioner of Health on a form prescribed by him a written notification of such entry together with such other facts as may assist in identifying the

birth record of the person whose parentage was in issue. \* \* \* "
(As amd. by Laws of 1936, chap. 854.)

The statute has no application to an adverse finding on the question of parentage. As appears from the final clause of the quoted paragraph of section 254, the purpose of this law is to have placed upon record facts which may assist in identifying birth records of a person whose parentage is in issue. A negative finding does not assist in identifying birth records, whereas an affirmative decision does.

Undoubtedly the primary object of the statute is to render aid to a child in establishing its parentage so as to assist it in procuring at any future time its rights, such as the right to take property by will or descent. Thus, where an order of filiation is made in the Court of Special Sessions, the clerk of that court is commanded by statute (Dom. Rel. Law, § 127) to transmit a written notification of such order to the State Commissioner of Health and in New York city to the commissioner of health of the city to " assist in identifying the birth record of the person whose paternity was in issue."

The evident purpose of appellant here is to have the record show that he is not the father of the child in question. However, in the Family Court no binding adjudication of illegitimacy was made, so far as the child is concerned, and its rights, which are not subordinate to those of appellant, may not be disregarded. The child was not a party to the support proceedings instituted by her mother in the Domestic Relations Court, nor was she a necessary party to such proceeding and the order there made had no binding effect upon the infant; nor would she be bound by any order which might be made in the proceedings which resulted in the order now under review. (*Commissioner of Public Welfare* v. *Koehler*, 284 N. Y. 260; *Harvey* v. *Large*, 51 Barb. 222; *Jacobson* v. *Krekell*, 223 App. Div. 440.)

In *Commissioner of Public Welfare* v. *Koehler* (*supra*) the Court of Appeals, speaking through LEHMAN, Ch. J., made the following pertinent statement of the law: " Paternity proceedings are brought to enforce a statutory duty imposed upon the father of a natural child to whom the father at common law owed no duty. (*People ex rel. Lawton* v. *Snell*, 216 N. Y. 527.) Such a proceeding may be brought by the mother or if the child ' is or is likely to become a public charge ' by a public official. (Inferior Crim. Ct. Act, § 64, subd. 1.) The child is not a necessary party to the proceedings nor is the husband of the mother. The order made in such a proceeding does not constitute an adjudication binding on them or persons claiming through or under them that the child is or is not the legitimate offspring of married parents. *An order adjudging*

*that some person other than the mother's husband is the father of the child and ordering him to provide for its support is, it is plain, not a binding adjudication of illegitimacy. It does not establish the status of the child nor would it be competent evidence to establish illegitimacy in any proceeding to which others are parties."* (Italics ours.)

The Domestic Relations Court was established by the Legislature acting under authority vested in it by the State Constitution (Art. 6, § 18), " to compel the support of a wife, child, or poor relative by persons legally chargeable therewith." By virtue of section 91 of the Domestic Relations Court Act the Family Court has jurisdiction within the city of New York to hear and determine all proceedings to compel the support of a wife or a child. In determining the question as to whether a child is to be supported, that court may incidentally be required to decide whether the person legally chargeable therewith is the father. (*Matter of Lentz,* 247 App. Div. 31. See, also, *Merritt* v. *Merritt,* 259 id. 242.) However, as already indicated, such a finding as to illegitimacy would not be binding upon other parties.

It has been stated that a declaratory action is appropriate to determine the status of a child, that is, legitimacy, parentage and the like. (Anderson Declaratory Judgments, p. 815; Borchard Declaratory Judgments, p. 397. Cf. also *Somberg* v. *Somberg,* 263 N. Y. 1, 4.) An action would be maintainable in the Supreme Court where all persons interested or likely to be affected by the determination would have to be joined or impleaded as parties. (*Morecroft* v. *Taylor,* 225 App. Div. 562.) In such a suit, the infant, whose rights are paramount, should be made a party in the manner provided by law (Civ. Prac. Act, § 225) and a guardian *ad litem* appointed to protect its interests. (Civ. Prac. Act, § 202; *Jacobson* v. *Krekell, supra; Cesareo* v. *Cesareo,* 134 Misc. 88, 89.)

For all of the foregoing reasons we hold that the order of the Domestic Relations Court as to the child is a nullity and has no binding force or effect upon it. The Special Term properly refused to grant the relief sought by appellant.

The order appealed from should, accordingly, be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.