SNOWDEN E. LEA, Plaintiff, *v.* SARAH A. LEA, Defendant.

Supreme Court, Special Term, New York County, June 24, 1943.

*Dannenberg & Hazen* for defendant.

*Benjamin Shedler* for plaintiff.

SCHMUCK, J. Rule 106 of the Rules of Civil Practice is improperly and futilely appealed to by the defendant. The complaint does state facts sufficient to constitute a cause of action and this court has jurisdiction of the subject of the action.

Section 473 of the Civil Practice Act, dealing with declaratory judgments, has been interpreted to mean that the Supreme Court has the authority " to declare rights and other legal relations on request for such declaration, whether or not further relief is or could be claimed, and such declaration shall have the force of a final judgment." (*James* v. *Alderton Dock Yards, Ltd.*, 256 N. Y. 298.) Considering this statute in conjunction with rule 212 of the Rules of Civil Practice, it is evident that the Supreme Court is invested with a wide discretion in the use of this relief provided facts and circumstances establish that its invocation is useful and necessary.

By this action plaintiff seeks the determination of his marital status with this defendant. That relief of this character is aptly within the purview of a declaratory judgment needs no more convincing citation than *Baumann* v *Baumann* (222 App. Div. 460; see, also, *Baumann* v. *Baumann*, 224 App. Div. 719, mod. 250 N. Y. 382, 385). The fact that the complaint prays for a declaration of the jural relationship of the parties in a negative rather than a positive sense does not lessen its effectiveness. In final analysis the complaint pleads for a judicial declaration determining whether, despite the divorce granted by the court of Indiana, the parties are man and wife in this State. In the light of *Williams* v. *North Carolina* (317 U. S. 287), the facts alleged in the complaint and which for the purpose of this motion must be considered true bring that question within section 473 of the Civil Practice Act.

The determination of the Domestic Relations Court that the Indiana divorce did not extinguish the marriage is not *res judicata* nor controlling in this court. (*Loomis* v. *Loomis*, 288 N. Y. 222.).

A study of the authorities submitted by the defendant in support of this motion, particularly *Zawadsky* v. *Zawadsky* (169 Misc. 404) and *Kiebler* v. *Kiebler* (170 Misc. 81), shows them to be inapplicable and not germane. The facts and circumstances in each and every authority proposed by the moving party justified the exercise of judicial discretion against a declaratory judgment and advised leaving the parties to relief by existing forms of action.

Believing that a declaratory judgment will serve a useful purpose herein, the court in the exercise of vested discretion denies the motion to dismiss. Order signed.