MADELINE WILDER, Plaintiff, v. DENNIS WILDER, Defendant.

Supreme Court, Warren County, July 29, 1943.

*W. W. Bullis* for plaintiff.

No appearance for defendant.

IMRIE, J. Plaintiff seeks judgment declaring her marriage with defendant terminated (Civ. Prac. Act, § 473); the complaint alleging their marriage and the conviction of the defendant of murder in the second degree in the State of Vermont and his sentence there to imprisonment for life; also, "That by reason of the said conviction and sentence of the defendant the marriage heretofore existing between the parties hereto has been terminated."

The status of the marriage formerly existing between these parties is defined beyond question in *Matter of Lindewall* (287 N. Y. 347) where there is a comprehensive discussion of all of the statutes which apply to such a situation as is here presented. Not only does the Court of Appeals there state with finality that the "dissolution of the marriage bond is permitted only by reason of statute law"; that there is no statutory machinery provided by the Legislature specifically for the termination of this marriage beyond the termination implicit in the declaration of civil death; that the plaintiff here, in the future, needs nothing more to indicate the termination of her marriage (and the consequent loss to her former husband of all marital and property rights) than the legal proof of his conviction and sentencing to life imprisonment; but further discusses the futility of an action seeking a declaratory judgment and, in my opinion, negatives the idea that such a declaratory judgment can go further than declaring the facts of the imprisonment for life and the civil death of the husband, saying (p. 356), "There can be nothing more. The life imprisonment is ground for neither divorce nor annulment."

It is true that declaratory judgments have been allowed by the courts to establish certain matrimonial relationships. (*Somberg* v. *Somberg,* 263 N. Y. 1; *Baumann* v. *Baumann,* 250 N. Y. 382; *Lowe* v. *Lowe,* 265 N. Y. 197.) Mr. Justice FROESSEL, in *Kiebler* v. *Kiebler* (170 Misc. 81), noted that such cases have been, as stated in the *Somberg* case (*supra*), for the benefit of a spouse " in order to establish the continuance of the plaintiff in her original marital state "; and Justice FROESSEL indicated clearly that, were the question properly before him, he would hold that a complaint for a declaratory judgment establishing the *destruction* of the marital state would not be sufficient. His reasoning seems to me to be sound.

In the *Somberg* case (263 N. Y. 1, 5, *supra*) the court said: " A declaratory judgment may be resorted to only when circumstances render it ' useful and necessary;' where it will ' serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations.' (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305.) ' Where there is no necessity for resorting to the declaratory judgment, it should not be employed.' (Id.) "

Under the statute and, particularly in view of the determination in the *Lindewall* case (287 N. Y. 347, *supra*), the plaintiff's status is clear and secure and " there is no necessity for resorting to the declaratory judgment ".

In such a case as this, where the law is clear, and the court of last resort has spoken with definiteness and precision on the subject, and where there is no legislative recognition of the necessity or propriety of a proceeding to declare the marriage terminated, the mere fact that the plaintiff might anticipate, in the event of a possible desire on her part to remarry, that it might be difficult to convince some town or city clerk that she is entitled to a license to remarry, is certainly not a sufficient basis for invoking a remedy which, if clearly not designed to meet the situation, is of doubtful propriety; particularly, as was pointed out in the *Lindewall* case, where the declaration can add nothing to the actual legal status of the plaintiff.

The complaint is dismissed as insufficient and upon the ground that an action cannot be had for a declaratory judgment as sought by the plaintiff. This is in no manner, however, to prejudice the plaintiff in any respect as to the status of her former marriage with the defendant, under the statute and the rule laid down in the *Lindewall* case.