WALTER H. LANE, Plaintiff, *v.* FRIEDA LANE et al., Defendants.

Supreme Court, Special Term, New York County, December 13, 1943.

*Gunther Jacobson* for plaintiff.

*Edmund Glueck* and *Julius Kahn* for defendants.

COHALAN, J. The plaintiff prays for a declaratory judgment (1) that he, and not the defendant Ernst Nussbaum, is the lawful husband of the other defendant; (2) that a Florida divorce decree granted to Frieda Lane and against him be held invalid.

In 1921 the Lanes were married in Vienna. They came to New York in 1934 and were remarried. They remained here until 1942 when Frieda Lane went to Florida. There she started a divorce suit in the Circuit Court of Dade County, charging extreme cruelty. Mr. Lane was served by publication and by mail. A Florida firm of solicitors filed a " special appearance " for him to contest the court's jurisdiction of the subject matter and of the defendant. Thereafter these attorneys filed another document entitled " withdrawal of special appearance and consent to entry of decree *pro confesso.*" The body of this document recites that the solicitor for the defendant (plaintiff here) "consents that the court may enter a decree *pro confesso.*" Such a decree of divorce was duly entered. Later the Nussbaums came to New York City where they now live as husband and wife.

Plaintiff, claiming that he is still in love with his wife and wants her to return to him, brings this action.

Plaintiff's choice of a remedy, i.e., action for a declaratory judgment, is sustained by New York authorities. (*Baumann* v. *Baumann*, 250 N. Y. 382; *Somberg* v. *Somberg*, 263 N. Y. 1.) His case must fail, however, because of the position taken by his solicitors and himself in the Florida courts. It was perfectly proper for his solicitors to file a special appearance in the Florida court and also proper for him to withdraw that appearance, but when he went further and consented to a decree *pro confesso* being entered by the Florida court, he was no longer specially appearing, but was generally appearing and not only submitting to the court's final decision but consenting to it.

In *Rorick* v. *Stilwell* (101 Fla. 4, 16) the Supreme Court of Florida said: " If, however, the defendant does take some step in the proceeding which amounts in law to a submission to the Court's jurisdiction, the fact that the defendant insists that he never so intended or that he does not admit the jurisdiction of the court over his person, or that he only appears specially and not generally, is insufficient to preclude the court from considering and holding that the defendant has entered

a general appearance in contemplation of law, whatever the defendant may choose to denominate his act. [Citing cases.] ''

In *Cobb* v. *State ex rel. Hornickel* (136 Fla. 479, 489) it was held that a general appearance is entered in a case by making any motion which involves the merits or by participation in the proceedings amounting to a submission to the court's jurisdiction. (See, also, *Sternberg* v. *Sternberg*, 139 Fla. 219, 225.)

The plaintiff may not now be heard to say that the Florida solicitors exceeded their authority or were mistaken in assuming that their appearance was a special rather than a general one. (*Schneider* v. *Schneider*, 232 App. Div. 71; *Tatum* v. *Maloney*, 226 App. Div. 63.) Under the full faith and credit clause of the Constitution any inquiry into the merits of the cause of action in Florida is precluded and effect must be given to the judgment of that court which had jurisdiction, not only of the subject matter but of the persons. (*Williams* v. *North Carolina*, 317 U. S. 287; *Milliken* v. *Meyer*, 311 U. S. 457.) Under the circumstances · plaintiff may not have the benefit of the equitable powers of this court in an action for a declaratory judgment, the granting of which rests in sound discretion.

Judgment for the defendants with appropriate exceptions to plaintiff.