MARY R. MILLER, Plaintiff, v. FRANK L. MILLER, Defendant.

Supreme Court, Special Term, New York County, May 10, 1945.

*S. Silverman* for defendant.

*Leon Finley* for plaintiff.

CHURCH, J. This is a motion by the defendant under rule 106 of the Rules of Civil Practice to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. The plaintiff brings this action for a declaratory judgment whereby she seeks to have decreed invalid the alleged Mexican divorces obtained by her and by the defendant from their then respective spouses. She seeks further, a declaration in the decree that she and the defendant are not husband and wife and " that the jural relationships [*sic*] between this plaintiff and this defendant be quieted and/or stabilized between them."

Giving to the allegations of fact in the complaint all the benefits of the well-established rule that, on a motion under rule 106, these allegations are to be taken as true (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198, 201), the plaintiff has failed to allege facts sufficient to make out a cause of action for a declaratory judgment.

The facts alleged fail to show the existence of a controversy concerning " rights and other legal relations " (Civ. Prac. Act, § 473; Rules Civ. Prac., rule 211); it does not appear that the discretionary and extraordinary powers of the court have been invoked for a sufficient reason (*Rockland Power & Light Co.* v. *City of New York*, 289 N. Y. 45).

An action for a declaratory judgment may not be maintained by a wife against her husband where neither party has obtained in this State, or in any other State in this country or elsewhere, a decree, or other document, impugning the continuance of their marital relation (*Somberg* v. *Somberg*, 263 N. Y. 1). In that case the defendant husband moved into and lived in certain premises with the female defendant. Although they had not married they were living as husband and wife and had a child. The plaintiff alleged in her complaint that they had advised all persons who had come in contact with them that the female defendant was the lawful wife of the male defendant and that their child was the lawful child of a marriage between them. It was alleged that many people believed such statements and believed that the plaintiff and her husband, the defendant, had been divorced. In that case the Court of Appeals (p. 4) pointed out that " Generally speaking, courts do not function to declare the truth or falsity of statements set in motion by rumor."

In the present case the complaint alleges that the plaintiff has been advised by many mutual friends that the defendant has asserted that the Mexican divorces are void and invalid and that the defendant " has led many persons to believe that this plaintiff and defendant were never married." She alleges that she has consulted counsel and has been advised that in the opinion of counsel the Mexican divorce in her favor against her former husband is void and that she is not the wife of the defendant and that she has been subjected to great humiliation and indignity and suffers great mental pain and anguish and " has been subjected to ignominy and much unpleasantness, and has suffered the loss and respect of many of her friends." The plaintiff and the defendant are in agreement that they were never legally married and no dispute exists that they are not husband and wife respectively of each other. It is impossible

to see more merit in this action by a plaintiff disclaiming a marriage than in the case of a deserted but legal wife seeking a judgment against her husband and his paramour.

A declaratory judgment may be resorted to only when circumstances render it "useful and necessary"; where it will serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. Where there is no necessity for resorting to declaratory judgment it should not be employed (*James* v. *Alderton Dock Yards,* 256 N. Y. 298; *Somberg* v. *Somberg, supra*). The previous spouses of the plaintiff and the defendant have not been made parties to this action although, as the complaint alleges, they were named as parties in the proceedings which resulted in the alleged Mexican decrees.

The plaintiff has alleged facts tending to establish that her ceremonial marriage to the defendant was induced by false representations by the defendant. The dismissal of the present complaint is in the exercise of discretion and without prejudice to an action to annul the marriage if the plaintiff be so advised.