Love, J.
This action is brought by forty-six school teachers against the Board of Education of the City of Syracuse to obtain-a judgment declaring that the defendant has violated sections 884 (as amd. by.L. 1936, ch. 757) and 884-a (as added by L. 1945, ch. 860) of the Education Law by failing to adopt schedules and schedule conditions fixing their salaries to provide for. fixed minimum and maximum salaries and annual increments.
They also ask legal relief, incidental to that equitable relief, declaring that they are entitled to certain alleged arrears in salaries, in the first cause of action, from May 27, 1936, and, in the second cause of action, from July 1, 1945, both, up to the time of the commencement of the action.
The action is essentially one at law. Unfortunately plaintiffs have waited toe long for nearly all causes of action to succeed.
The defendant moved for an order dismissing the complaint on the ground that it does not appear by and as an allegation of the complaint that a written verified claim upon which the action was brought was served upon it within the time limited *620 by section 858-a of the Education Law (as amd. by L. 1945, ch. 694, § 11, eff. Sept. 1,1945; now in § 3813).
The motion was denied.
That section provides that no action or special proceeding, for any cause whatsoever, shall be prosecuted or maintained against any board of education (except a board of education of a city having a population of 400,000 or more) unless it shall appear by and as an allegation in the complaint that a written verified claim upon which the action is founded was presented to the board of education within three months after the accrual of the claim and that the board had neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.
The complaint here does not contain such an allegation.
Nor does it allege facts as to the equitable relief demanded which call for the use of a declaratory judgment.
The Supreme Court is given power to declare rights and other legal relations on request for such declaration, whether or not further relief is or could be claimed and such declaration shall have the force of a final judgment. (Civ. Prac. Act, § 473.)
B-ule 212 of the Buies of Civil Practice provides that if in the opinion of the court the parties should be left to relief by existing forms of action it may decline to pronounce a declaratory judgment, stating the grounds on which the discretion is so exercised.
The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations and it may be resorted to only when circumstances render it useful and necessary to accomplish such ends.
Where there is no necessity for resorting to the declaratory judgment, it should not be employed. (James v. Alderton Dock Yards, 256 N. Y. 298; Somberg v. Somberg, 263 N. Y. 1.)
The allegations of the complaint which set forth verbatim sections 884 and 884-a of the Education Law, the defendant’s omission to comply therewith by paying plaintiffs certain sums and asking a declaration that plaintiffs are entitled to such sums do not fulfill the purpose above stated and do, in our opinion, set forth circumstances under which the parties should be left to relief under existing forms of action.
Tinder those allegations it is possible that the plaintiffs may have, each a right of action in law, for the amount of increment provided for in the sections, as moneys due and unpaid.
*621 Some claims for some periods in individuals’ cases, are doubtless outlawed by the Statute of Limitation since claims are made dating from May 27,1936.
Others arising before September 1, 1945, but within the statutory limitation period can not be the bases of causes of, action because of the provisions of section 858-a of the Education Law and those of section 14 of chapter 694 of the Laws of 1945, which read as follows: “ § 14. This act shall take effect September first, nineteen hundred forty-five, and shall apply to claims against public corporations, as defined in the general corporation law, and their officers, appointees and employees, which were not barred by applicable statutory or case law in force prior to September first, nineteen hundred forty-five, but the periods now limited for the delivery of a notice of claim shall apply to all claims which arise prior to that date.” (Italics supplied.)
Others arising since September 1, 1945, the effective date of section 858-a of the Education Law, notice of which may be timely made under the statute, may be sued upon in an action at law.
As to those claims arising prior and subsequent to September 1, 1945, the statute as to the filing of a written verified claim applies, (Thomann v. City of Rochester, 256 N. Y. 165.)
The form of this action, even were it truly cognizable as one in equity and for incidental law relief, is subject to those provisions. (Schenker v. Village of Liberty, 261 App. Div. 54; Bush v. City of Jamestown, 288 N. Y. 496.) The order appealed from should be reversed on the law, with $10 dollars costs and disbursements and the motion to dismiss should be granted, with $10 costs.
All concur, except Dowling, J., who dissents and votes for affirmance. Present — Dowling, Harris, Larkin and Love, JJ.
Order reversed on the law, with $10 costs and disbursements and motion granted, with ten dollars costs.