In the Matter of JOHN SMITH, Petitioner, against DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, May 24, 1949.

*Joseph Buch* for petitioner.

*John P. McGrath, Corporation Counsel (Thomas W. A. Crowe* of counsel), for respondent.

STEUER, J. On July 24, 1947, a woman named Hassie Hatcher gave birth to a child in Harlem Hospital. Petitioner was charged in filiation proceedings in the Court of Special Sessions with being the putative father of this child. On November 18, 1948, that court after a trial denied the order of filiation, dismissed the proceedings and discharged the petitioner. Part of the evidence on that proceeding was a supplemental report to the health department giving the name of the petitioner as the putative father and purporting to be signed by him. He denied that the signature was his or that the report was consented to by him.

By this petition it is sought to require the health department to correct the birth certificate by deleting the petitioner's name from the certificate. The department has refused, basing its refusal on the claim that no such action is authorized by the Administrative Code of the City of New York (§ 567–2.0) which provides for supplemental birth records. The statute provides for such a record when the department is notified of a judgment, order or decree of a court of competent jurisdiction " relating to the parentage or adoption of the person." This language

is virtually the same as that used in section 254 of the Judiciary Law in regard to the State Department of Health. The latter section has been held to refer to a positive finding of parentage only and that a determination that a respondent was not the father was not included in its sense (*Matter of Melis* v. *Department of Health of City of N. Y.*, 260 App. Div. 772). On this ground the department's refusal is well taken.

However, other regulations require a different result. Section 383 of the Public Health Law provides that the name of the putative father shall not be entered without his consent. Here the certificate bears his name. It is not disputed that he did not consent. If the department had no right to accept such a certificate it can be compelled to make appropriate correction to conform the certificate to what it should have been.

The motion is granted.