Per Curiam.

In Matter of Melis v. Department of Health (260 App. Div. 772) all we necessarily decided was that, so far as the child was concerned, no binding adjudication of illegiti *346 maey was made in the Domestic Relations Court and that section 254 of the Judiciary Law therein relied on had no application to an adverse finding on the question of parentage. That is also true in the case before us. But in that case section 383 of the Public Health Law was neither cited nor considered. Under its terms, as no statute in effect in the city of New York is contrary to the relevant provisions of section 383, such provision is applicable to the City of New York. It has been held applicable in prior cases in the Supreme Court in which appellant herein, the department of health and the corporation counsel of the city urged in the courts successfully such controlling applicability (Matter of Cardona, N. Y. L. J., Sept. 13, 1945, p. 483, col. 4; Matter of Izzo [Rice], N. Y. L. J., June 6, 1941, p. 2558, col. 3).
The order appealed from should be affirmed, with $20 costs and disbursements to petitioner-respondent.