Cohn, J.
(dissenting). The provisions of article 20 of the Public Health Law, which embrace sections 370 to 394, are inapplicable to the City of New York. Section 4 of the Public Health Law empowers the State Commissioner of Health to “ exercise general supervision over the work of all local health authorities except in the city of New Yorlt (Italics supplied.) Section 394 of the same statute similarly provides that “ Nothing in this article [art. 20] shall be construed to affect, alter, or repeal laws now in force applying to the city of New York.” Birth certificates filed with the department of health of the city of New York are controlled by the New York City Charter, the Administrative Code of the City of New York, and the Sanitary Code of the City of New York. In no one of these statutes is there any provision for consent by a putative father to the entry of his name upon a birth certificate of a child born out of wedlock. Furthermore, the order of the Court of Special Sessions dismissing filiation proceedings instituted by the child’s mother is not a proper basis for the deletion from a birth certificate of the name thereon entered as the father of a child in this proceeding as the child has not been made a party and no guardian ad litem had been appointed to protect its interests. The finding of that court, under the circumstances presented in this case, was not a determination as to the parentage of the child within the meaning of section 254 of the Judiciary Law (Matter of Melis v. Department of Health, 260 App. Div. 772, 774-775; Commissioner of Public Welfare v. Koehler, 284 N. Y. 260, 266-267).
*347 The order should be reversed and the petitioner’s application for a peremptory order directing the deletion of the name of John Smith, the petitioner, from the birth certificate of John Alan Hatcher should be denied.
Peck, P. J., Dore and Callahan, JJ., concur in Per Curiam opinion; Cohn, J., dissents and votes to reverse in an opinion, in which G-lennon, J., concurs.
Order affirmed, with $20 costs and disbursements to the petitioner-r esp ondent.