Frederick Backer, J.
Defendants move to dismiss the amended complaint for insufficiency, pursuant to rule 106 of the Rules of Civil Practice. The factual situation is indeed interesting, if not novel.
Plaintiff is the husband of the defendant Agnes. It is alleged that the defendant Looney is living in meretricious relationship with Agnes; that their alleged marriage is void, as is the decree of divorce obtained by Agnes from plaintiff in Alabama; and that a child (the defendant designated as “Baby Jean”) was born to said defendants Agnes and Looney.
The action is framed for a declaratory judgment and alleges two causes of action: the first, that (a) plaintiff is not the father of defendant “ Baby Jean ”, (b) that plaintiff is not the father of any child born to Agnes and him other than their child Cynthia, and that Cynthia is the only issue of their marriage, (c) that defendants Looney and Agnes are the father and mother of “ Baby Jean”. The second cause of action seeks declaration (1) that the purported decree of divorce obtained by Agnes in Alabama was obtained by fraud and is void; (2) that Agnes and Looney are not husband and wife; (3) that Agnes is in the status of the lawful wife of plaintiff; and (4) that plaintiff have adjudication and declaration of the rights and legal relations of the parties necessary in the premises as to the plaintiff and “ Baby Jean ” and as to the plaintiff and the defendant Agnes.
It appears from the papers, and is not disputed, that while “ Baby Jean ” is named as a party defendant in the pleadings, she has not actually been served with process in the action *488 nor has she been brought into the action, nor has a guardian ad litem or special guardian been appointed to represent the child.
Defendants urge as grounds for dismissal of the complaint the following: (1) the infant is a necessary and indispensable party to this action; (2) declaratory judgment is not the proper relief here. The arguments in support of the latter position are without merit. The allegations of the amended complaint and relief requested present issues which, in the exercise of this court’s discretion, properly should be the subject of this type of action. Declaration of the rights and marital status of the parties is aptly within the purview of a declaratory judgment and there can be no question of the power of this court to adjudicate same by way of a declaratory judgment when the circumstances render it useful or necessary and where it will serve some useful and practical end in quieting or stabilizing an uncertain or disputed jural relation, either as to present or prospective obligations (Baumann v. Baumann, 222 App. Div. 460; Baumann v. Baumann, 224 App. Div. 719, mod. 250 N. Y. 382; Lowe v. Lowe, 265 N. Y. 197; Lea v. Lea, 180 Misc. 719, affd. 266 App. Div. 952; Pomerance v. Pomerance, 187 Misc. 20; De Mitry v. De Mitry, 201 Misc. 1066; Long v. Long, 281 App. Div. 254; Berger v. Berger, 2 A D 2d 423; Lane v. Lane, 182 Misc. 656). Furthermore, resolution of the child’s legitimacy is properly the subject of an action for declaratory judgment (Serralles v. Viader, 3 Misc 2d 683; Serralles v. Viader, 149 N. Y. S. 2d 175, affd. 285 App. Div. 947; Scalone v. Scalone, 199 Misc. 210; Morecroft v. Taylor, 225 App. Div. 562; Matter of Melis v. Department of Health of City of N. Y., 260 App. Div. 772, 775; Urquhart v. Urquhart, 185 Misc. 915, affd. 270 App. Div. 759).
The motion to dismiss the complaint, therefore, upon the ground that an action for declaratory judgment does not lie on the allegations of the amended complaint herein, is denied. The additional ground urged for dismissal, that the infant is a necessary and indispensable party, is untenable here. On a motion to dismiss a complaint for insufficiency pursuant to rule 106 of the Rules of Civil Practice, the only question to be resolved is whether the pleadings state facts sufficient to constitute a cause of action under any possible theory. If they do, the complaint must be upheld. I have hereinabove determined that the cause of action is maintainable. Any objection defendants may have in relation to nonjoinder of necessary and/or indispensable parties must be the subject initially of a motion to add parties pursuant to rule 102 of the Rules of Civil Practice, for that is the exclusive manner in which the objection of nonjoinder of *489 parties may be raised. It cannot be raised by the instant motion to dismiss the complaint, since section 192 of the Civil Practice Act expressly prohibits the defeat of an action because of nonjoinder or misjoinder of parties except as provided in subdivision 2 of section 193 of the Civil Practice Act, which requires first an order on motion under subdivision 2 of rule 102, directing a party be brought in within a reasonable time fixed in the order (Lo Galbo v. Lo Galbo, 145 N. Y. S. 2d 641; O'Shea v. Hanse, 3 Misc 2d 307, 309-310; Newtown Jackson Co. v. Barclays Bank, 133 N. Y. S. 2d 726, 729; Marsico v. Tramutolo, 135 N. Y. S. 2d 258; Carruthers v. Waite Mining Co., 306 N. Y. 136, 141-142; Wolff v. Brontown Realty Corp., 281 App. Div. 752). The action therefore may not be dismissed for nonjoinder (see, also, Lieberman v. New Amsterdam Cas. Co., 284 App. Div. 1051; Schreck v. Schreck, 205 Misc. 703, 713; Pickhardt v. First Nat. Bank & Trust Co., 266 App. Div. 781).
Where legitimacy of children is in issue, it is imperative that a guardian be appointed for the purpose of protecting their interests (Fishbein v. Fishbein, 179 App. Div. 883; Anderson v. Anderson, 164 App. Div. 812; Dwello v. Dwello, 69 N. Y. S. 2d 691; Cuyno v. Cuyno, 61 N. Y. S. 2d 530; Cesareo v. Cesareo, 134 Misc. 88). Proper procedure requires application for joinder pursuant to rule 102 of the Rules of Civil Practice, as hereinabove discussed, and compliance with rule 39 of the Rules of Civil Practice. Whether or not the infant is a necessary or indispensable party is not passed upon here. That may be presented, as the parties see fit, upon the motion for joinder. The ex parte application, therefore, for appointment of a guardian, as well as for amendment of the title of the action to include the true name of the infant is not passed upon, but left rather for appropriate application as indicated. Defendants may answer within 20 days after the service of a copy of this order, with notice of entry.