Frank A. Gulotta, J.
In a matrimonial action fon a divorce the plaintiff husband moves for an order directing that he, his defendant wife and a child born to the defendant on July 4, 1963, submit to a blood grouping test with a view to establishing his nonpaternity and thus the adultery of his wife.
P.rocedurally the application may be defective since the plaintiff has proceeded by order to show cause in the first instance instead of by notice pursuant to CPLR 3121 which may be pursued upon noncompliance by an application for an enforcement order under 3124. However, in view of the vigorous opposition, we may overlook this departure since it is obvious that the defendant would not have complied with a notice.
The only question requiring discussion is defendant’s objection to the test on constitutional grounds, i.e., that it would compel her to be a witness against herself in violation of section 6 of article I of the New York State Constitution.
The argument advanced is that since adultery is a crime (Penal Law, § 101) the involuntary taking of the defendant’s blood which may tend to prove her guilty of adultery violates the privilege. There are two answers to this contention. First, the law seems to be well settled that the extraction of a substance (including blood) from inside the body of an individual for purposes of analysis and use in evidence does not fall within the purview of the privilege against self incrimination. (McCormick, Evidence, §§ 126, 178; 8 Wigmore, Evidence [3d ed.], § 2265; Bovey v. State of New York, 197 Misc. 302; Matter of Schutt v. Macduff, 205 Misc. 43.) Historically that protection has been limited to oral testimonial compulsion or the compulsory production of documents or other articles. Secondly, this act is alleged to have occurred between September 15 and October 15, 1962, and any prosecution therefor is barred by the two-year Statute of Limitations for misdemeanors. (Code Crim. Pro., § 142.) As was said in People v. Fine (173 Misc. 1010, 1012-1013): “ ‘ The design of the constitutional privilege is * * * to protect him against being compelled *709 to furnish evidence to convict him ’ * * * that is, to convict in the future. (Brown v. Walker, 161 U. S. 591, 605.) ‘ The principle established by these decisions is that no one shall be compelled * * * to disclose facts or circumstances that can be used against Mm as admissions tending to prove Ms guilt or connection with any criminal offense of which he may then or afterwards be charged.’ (Italics supplied.) (People ex rel. Taylor v. Forbes, 143 N. Y. 219, 228.) If the Statute of Limitations has fully run against the crime, the privilege no longer exists. The same is true when the witness has been tried and acquitted. (Spellman’s Criminal Code of N. Y. pp. 35, 36, and cases cited.) Why? Because his testimony can no longer be used against him in procuring an indictment or upon his trial. The same result follows if he has already been indicted, tried • and adjudged guilty. ‘ The constitutional guaranty is confined to cases where there is real danger [of prosecution].’ ”
Defendant also contends that since she is a resident alien contemplating application for citizenship and since implication in a crime involving moral turpitude may subject her to deportation (United States v. Unger, 26 F. 2d 114 [U. S. Dist. Ct., S. D. N. Y.]), she may still assert her privilege. However, it is well settled that deportation proceedings are civil rather than criminal in nature and therefore the constitutional guarantees, of which the privilege against self incrimination is one, are not applicable to such a proceeding. (United States ex rel. Bilokumsky v. Tod, 263 U. S. 149.)
Although the court would otherwise be inclined to grant the motion for the reasons stated, it does not appear that a special guardian was ever appointed in this action to protect the substantial rights of the infant involved. Since these rights may be seriously jeopardized by the taking of the proposed blood samples, the appointment of such a guardian is a necessity before making a determination on the merits. (Fishbein v. Fishbein, 179 App. Div. 883; Hines v. Hines, 12 Misc 2d 486.)
The application is therefore denied without prejudice to renewal after appointment of a special guardian.
If the parties so desire they may submit a separate order, on consent, modifying the visitation privileges of the defendant in accordance with their agreement. All other requests made by the defendant are denied.