■ RUTH G. RABINOR, Appellant, v. GEORGE B. RABINOR et al., Respondents.— In an action to declare the marital status of the parties, plaintiff appeals from an order of the Supreme Court, Nassau County, dated December 28, 1971, which granted summary judgment to defendants and dismissed the complaint. Order reversed, on the law, with $10 costs and disbursements; plaintiff's motion for summary judgment granted; and judgment directed to be entered declaring (1) that plaintiff is the lawful wife of defendant George B. Rabinor; (2) that defendants are not and never have been husband and wife; (3) that an alleged divorce decree procured by defendant George B. Rabinor from plaintiff in Mexico is null and void; and (4) that an alleged marriage between defendants in Connecticut is null and void. The complaint alleges that plaintiff and defendant George B. Rabinor were married on April 1, 1939, but no longer reside together. Three children were born of the marriage, the third of whom, born on May 20, 1951, resides with plaintiff. In August of 1970, defendant George B. Rabinor went to Mexico where, upon his ex parte application, he procured a decree purporting to divorce him from plaintiff. It is further alleged that defendant Terry King, with full knowledge of the aforestated facts, accompanied defendant Rabinor to the State of Connecticut in December of 1970, where defendants went through a marriage ceremony. Upon completion of the marriage ceremony, defendants returned to Nassau County where they have continued to reside under the name of Mr. and Mrs. George B. Rabinor and have been holding themselves out to be husband and wife. It is alleged that plaintiff and defendant Rabinor have a number of friends and acquaintances in Nassau County who have known them to be married; that because of the course of conduct of defendants, under the colorable Mexican decree of divorce, these friends and acquaintances have been or may be led to believe that defendant Rabinor has divorced plaintiff and that defendant Terry King is defendant Rabinor's lawful wife. As a consequence thereof, plaintiff has and will be subject to ignominy and unpleasantness and to the false suspicion that the Mexican divorce was granted upon the grounds of plaintiff's infidelity and plaintiff will be further subject to humiliation and doubt as to her status as defendant Rabinor's lawful wife. In answer to the above allegations, defendants admit the material facts and deny only the consequences and damage claimed by plaintiff. As a defense, defendants assert that on August 4, 1971 an order was made in the Family Court, Nassau County, directing defendant Rabinor to support plaintiff; that said order established the continued validity of plaintiff's marriage to defendant Rabinor; and that, by reason thereof, it is unnecessary to grant declaratory relief. In our opinion, the admitted facts stated in the complaint justify the grant of the relief requested by plaintiff. The fact that the Family Court, in making an order of support, impliedly determined the marital status of plaintiff and defendant Rabinor, as a prerequisite to the exercise of its jurisdiction, is in no way binding in an action to declare their marital status and does not serve as a tenable ground for refusing declaratory relief (*Loomis* v. *Loomis*, 288 N. Y. 222; *Caldwell* v. *Caldwell*, 298 N. Y. 146, 148). The facts as alleged and admitted are almost identical with those alleged in *Baumann* v. *Baumann* (250 N. Y. 382) wherein it was held that the circumstances rendered resort to a declaratory judgment useful and necessary (see and cf.

*Somberg* v. *Somberg,* 263 N. Y. 1). Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.