———— HAAN, JR., Plaintiff, *v.* JOSEPH HAAN, Defendant.

Supreme Court, New York County, October 18, 1928.

198

*I. Montifore Levy*, for the plaintiff.

*Eppstein, Axman & Hirshfield*, for the defendant.

TOWNLEY, J. Before answer the defendant moves to dismiss plaintiff's complaint under rules 106 and 107 of the Rules of Civil Practice on various stated grounds, or in the alternative for certain other relief. This action is brought by the infant plaintiff, by his mother, as guardian *ad litem*, and the complaint alleges that the infant plaintiff is the illegitimate child of the defendant, and the complaint prays for a declaratory judgment as follows: " (1) That a declaration be made declaring the infant plaintiff herein the natural child of the defendant; (2) that declaration be made providing that the defendant contribute to the support and maintenance of the infant plaintiff herein; (3) that such other and further declarations of the rights and legal relations of the parties to this action be made as to this court may seem necessary and proper. No further or other consequential relief is claimed or could be claimed under the judgment now sought."

I am satisfied that this court has no jurisdiction of the subject-matter. The court is without authority under section 473 of the Civil Practice Act to make a declaratory judgment as prayed for in the complaint. Proceedings in the city of New York to establish paternity and concerning the support and education of children born out of wedlock are expressly covered by statutory provisions, namely, by article 8, sections 119–139, of the Domestic Relations Law (added by Laws of 1925, chap. 255). Subdivision 3 of section 31 of the Inferior Criminal Courts Act of the City of New York (Laws of 1910, chap. 659, as amd. by Laws of 1925, chap. 533, and Laws of 1926, chap. 25) vests the Court of Special Sessions of the City of New York with exclusive jurisdiction over proceedings relating to children born out of wedlock, and provides: " The Court of Special Sessions shall have jurisdiction as follows: * * * 3. It shall have exclusive jurisdiction within the city of New York in the first instance of all proceedings respecting children born out of wedlock, and the jurisdiction conferred by article eight of the domestic relations law shall be exclusively exercised within said city by said court."

The Legislature has thus in clear and specific language lodged exclusive jurisdiction in the Court of Special Sessions of the City of New York over the subject-matter of an action which is brought to compel a putative father to provide for the support and maintenance of a child born out of wedlock, and accordingly no other court has any jurisdiction over that subject-matter.

Indeed, the complaint shows that proceedings seeking an order of filiation were taken by the mother of the infant plaintiff in the Court of Special Sessions in the City of New York, and at a hearing had by the court the application was denied. This determination has never been reversed, and is still binding, and is *res adjudicata* upon the subject-matter. The court has not considered the affidavit of Joseph Haan, verified September 18, 1928, and annexed to the notice of motion herein.

Defendant's motion to dismiss under rule 106 is granted, with ten dollars costs, upon the ground that the court has no jurisdiction of the subject-matter of the action. The clerk is directed to enter judgment in favor of the defendant, dismissing the complaint, with costs of the action and ten dollars costs of this motion. Order signed.