TERESA IPPOLITO, Respondent, *v.* MANLIO TERRAGNI, Appellant.

Supreme Court, Appellate Term, First Department, June 22, 1931.

*John Santora*, for the appellant.

*Vincent F. Morreale*, for the respondent.

PER CURIAM. Whatever might be the effect of the new section 121 of the Domestic Relations Law (as added by Laws of 1925, chap. 255) on a contract made since its enactment for the support

of a child born out of wedlock, it cannot affect this action based on a contract alleged to have been made in 1922.

Order affirmed, with ten dollars costs and disbursements.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.

The following is the opinion handed down in the City Court:

EVANS, J. If the complaint had for its purpose the enforcement of the statutory obligation on the part of the defendant to support and maintain Alfred Ippolito (Dom. Rel. Law, art. 8, §§ 120–122, as added by Laws of 1925, chap. 255), it must fail, on the trial, because this court has no jurisdiction of such a proceeding. (*Haan* v. *Haan*, 133 Misc. 197.) There is no inference, however, to be drawn from the complaint that Alfred Ippolito is the illegitimate offspring of the parties. The complaint says that plaintiff is the mother and defendant the father. To be sure, there is no allegation that the child was born in lawful wedlock. Such silence does not authorize the inference of illegitimacy, sought by defendant. The complaint then states that defendant promised to pay plaintiff ten dollars a week, until the child arrived at the age of sixteen, and that the agreement was kept by defendant for five years; that the consideration for the agreement was that plaintiff promised to care for, rear, maintain and support the child, and that she has in fact done it, but that, for the last three years, defendant failed in his promise, although she duly performed the contract on her part to be performed. The complaint also refers, as a part of the consideration moving from plaintiff to defendant, to a forbearance to " institute legal proceedings " against defendant. There is no allegation as to what " legal proceedings " were pending or contemplated. That may, therefore, be disregarded. There still remains, in the complaint, a promise and a consideration. The obligation to support the child, if lawfully born, was upon defendant. If plaintiff were a stranger to the child, the contract would be valid. It cannot be otherwise, because she is the mother. If the child be illegitimate, there is still an obligation, on the father, to support the child. The obligation does not rest on him exclusively, but, nevertheless, he is responsible with the mother, I think, jointly and severally (Dom. Rel. Law, § 120) for the support and education of the child. In these circumstances, it is said that a promise, on the part of the father, to pay a weekly sum, and a counter-promise, on the part of of the mother, to care for, rear, maintain and support the child, does not make a valid contract, and that the mother cannot recover damages for the period in which she actually performed the contract. If the father had made the contract with a stranger, he

would not then be heard to deny his liability, but he denies it now, because, he says, the mother is already obliged, by law, to do the very thing she promised to do, and, therefore, her promise, and the performance of it, give no consideration to the contract. I am informed, by the oral argument, on the motion, that if the child be illegitimate, the mother can obtain no relief whatever, outside the relief sought here, because the period of limitations bars any proceeding in the Court of Special Sessions. (Dom. Rel. Law, § 122.) I do not think the bar is as conclusive as counsel believe, because the father, if the allegations of the complaint be true, has actually contributed to the support of the child. (See Dom. Rel. Law, § 122, subd. 2.) That, however, is of no importance to the question at bar.

The question here is whether, between two joint obligors, a contract is valid, where one agrees to assume and carry out the obligation, and the other to pay a consideration therefor. I think the question carries its own answer.

It might be otherwise if the State were interested, or an implied party to the contract. The State is not interested in any obligation that the father assumes. It is only interested, in the contract, to the extent of protecting the mother and child. (See Dom. Rel. Law, § 121.) That the State has no interest in supervising any obligation that the father assumes, is illustrated by section 121, subdivision 1, of the Domestic Relations Law, which provides that no contract concerning the support and education of the child shall be " binding upon the mother and child," unless made with the sanction of the court having jurisdiction over such matters.

I can, therefore, find no indication in the statute that would brand the agreement alleged in the complaint as unenforcible and against public policy.

Motion to dismiss the complaint is denied.