PETER A. URQUHART, an Infant, by TERESA WILSON, his Guardian ad Litem, Plaintiff, *v.* JOHN A. URQUHART et al., Defendants.

Supreme Court, Special Term, New York County, September 7, 1945.

*Basil N. Bass* for John A. Urquhart, defendant appearing specially.

*Clifton F. Weidlich* for plaintiff.

*Pollock & Berger* for Vivien C. Urquhart, defendant.

BOTEIN, J. This is a motion to vacate and set aside service of a summons which has been served without the State and by publication, pursuant to an order of this court directing such service under subdivision 1 of section 232 of the Civil Practice Act, and which contained a recital that the plaintiff was unable to ascertain whether the moving defendant was or was not a resident of New York at the time of the application. The action was brought by the plaintiff for a declaratory judgment, to establish that he was the lawful child of the movant and his codefendant. The movant did not appear to contest the action and a final judgment, upon inquest, has been entered in favor of the plaintiff.

The complaint alleges that the movant and codefendant were married in 1922 in New York, and cohabited in this State until December, 1931; that a divorce was obtained in July, 1932, in the State of Arkansas; that this divorce was colorable and void because the codefendant did not establish a bona fide domicile or actual residence in Arkansas; that upon her return from Arkansas, the defendants resumed marital relations, although the movant had purportedly married another woman in 1932; and that the plaintiff was born to the defendants in 1935.

The movant asserts in his affidavit herein that he was not a resident of the State of New York when this action was instituted; that the Arkansas divorce was and is effective, and that the plaintiff is not his child.

This motion raises two issues, which do not impinge upon each other, and must be considered separately: (1) Whether the movant, a nonresident, has been served properly by publication, and (2) whether the court in ordering service by publication had jurisdiction over the subject matter of the action.

Taking these aspects of the motion in order, it appears that service by publication was permitted by order of this court under subdivision 1 of section 232 of the Civil Practice Act,

wherein it is provided that such service may be made when the plaintiff is unable to ascertain whether or not the party to be served is a resident of New York at the time of the application. Since the facts alleged upon this motion do not disprove the plaintiff's professed inability to ascertain the movant's residence at the time of his application for the order for service by publication, the method of service employed by the plaintiff must be held proper (*Denman et al.* v. *McGuire,* 101 N. Y. 161, 165, 166).

The second question adverted to above may not be dismissed as summarily, since the order providing for the service herein was fatally defective if the court lacked jurisdiction over the subject matter of the action (*Foster* v. *Electric Heat Regulator Co.,* 16 Misc. 147; 2 Carmody on New York Pleading and Practice, § 718, p. 1305). In this connection, the movant argues that the Arkansas divorce by terminating the marital relationship, " dissolved " or destroyed the *res,* and that there remained, therefore, nothing over which the court could assume jurisdiction.

But the alleged invalidity of the Arkansas divorce is the very core of the complaint in this action. Movant argues therefrom that to resolve the disputed issue of the existence of the *res* in order to decide the question of jurisdiction raised herein would require a predetermination of the controlling issue.

To adopt the theory that upon challenge no determination of the existence of the *res* can be made or assumed, even for jurisdictional purposes, because it would involve a determination of the very issue in litigation, would immure this case permanently within a revolving door concept, since in all logic the impasse which would result from such reasoning would be that the issue in litigation could not be decided until it had been determined that the court had jurisdiction. Implicit in such a notion is the consequence, once the foreign divorce has been asserted, that this barrier could be raised against all litigation involving the effects of a foreign divorce. In fact, this reasoning would deny to the court the fundamental jurisdiction to determine jurisdiction (see *Ex Parte Quirin,* 317 U. S. 1). However, an allegation that a foreign divorce is valid and effective, per se, is insufficient to deprive the court of the *res* upon which its jurisdiction is premised. There are no factors set forth upon this application or inherent in the complaint which, in respect of the relief sought by the movant, differentiate this action from any case in which a foreign divorce is attacked directly or collaterally (*Matter of Lindgren,* 293 N. Y. 18; *Matter of Holmes,* 291 N. Y. 261).

But the fact that this is a motion to vacate service removes it from the realm of such sophistry. Upon a motion to vacate service all properly pleaded allegations of fact must be deemed admitted (2 Carmody on New York Pleading and Practice, § 718), and it can therefore be assumed that the *res* is in existence without thereby prejudicing the subsequent determination of the issue in litigation. And if the *res* be deemed to be in existence, the movant apparently does not dispute that the court possessed jurisdiction over the subject matter for the purpose of ordering service by publication.

Moreover, it must be appreciated that this action is brought pursuant to section 473 of the Civil Practice Act to obtain the declaration of certain jural rights and relations. Section 473 is employed properly for the declaration of the relationship of legitimate parentage (*Matter of Melis* v. *Department of Health,* 260 App. Div. 772, 775; *Haan* v. *Haan,* 133 Misc. 197). The subject matter of such an action is the plaintiff's status and his relationship to the defendants. The status of the plaintiff as a resident and potential ward of New York, is of major importance to this State, and may be considered as a subject which is within the jurisdiction of our courts (*Yarborough* v. *Yarborough,* 290 U. S. 202, 211, 220). The movant's suggestion that such jurisdiction is dependent upon a preliminary establishment of the actual existence of the status which the plaintiff alleges, is untenable. Declaratory judgments serve to settle *controversies* regarding jural rights and relations (*Somberg* v. *Somberg,* 263 N. Y. 1). It must, therefore, follow that jurisdiction under section 473 of the Civil Practice Act cannot be predicated upon an assumption that the jural rights which the parties seek to establish already exist.

I conclude that the movant's denial of the existence of the status in controversy is properly a matter for defense. The *res* in ultimate question herein is plaintiff's status, which is clearly a matter of concern for this State, and is, therefore, a *res* " situated " in this State.

Accordingly motion to vacate service is denied.