PETER A. URQUHART, an Infant, by TERESA WILSON, His Guardian ad Litem, Plaintiff, *v.* JOHN A. URQUHART et al., Defendants.*

Supreme Court, Special Term, New York County, November 7, 1946.

*Clifton F. Weidlich* for plaintiff.

---

* See, also, 185 Misc. 915, affd. 270 App. Div. 759.

*Louis F. Huttenlocher* for John A. Urquhart, defendant appearing specially.

*Pollock & Berger* for Vivien C. Urquhart, defendant.

WALTER, J. Plaintiff seeks an adjudication that he is the legitimate son of defendants. In addition to alleging the fact of parentage he sets forth facts which he claims show that a divorce which his mother procured from his father in Arkansas three years before his birth is invalid.

The male defendant (alleged father) denies that he is plaintiff's father but now makes this motion for judgment on the pleadings upon the theory that plaintiff may not attack the validity of the divorce; that it thus must be treated as valid; that if valid, plaintiff could not be his legitimate son; that the action cannot be maintained to establish that plaintiff is his illegitimate son (*Haan* v. *Haan,* 133 Misc. 197), and that the fact of parentage thus cannot be a triable issue in this action.

In *Matter of Lindgren* (293 N. Y. 18) it was held that a daughter could attack the validity of a divorce obtained by her father from her mother in Florida to the end of administering and taking her father's estate to the exclusion of a woman he married after obtaining the divorce. It is true that in that case the mother did not appear in the Florida action until after the decree was rendered, but she thereafter applied for and obtained an order amending the decree *nunc pro tunc* so as to recite her appearance and an inadvertent failure to note and recite it. I thus am unable to perceive any ground upon which to distinguish that case from this. Consequently, without adding to the already considerable and not always clear literature upon the subject, this motion is denied upon the authority of the case cited.