KATHERINE BURGER, Plaintiff, *v.* PHILIP NEUMANN, Defendant.

Supreme Court, Special Term, Kings County, February 27, 1947.

*Russell H. Kruppenbacher* for defendant.

*Tese & Tese* for plaintiff.

WALSH, J. Defendant moves to dismiss the complaint upon the ground that the alleged cause of action stated therein is against public policy and barred by sections 61-b, 61-d, 61-e, 61-f and 61-g of article 2-A of the Civil Practice Act.

Section 61-b of the Civil Practice Act reads: " *Certain causes of action hereafter accruing abolished.* The rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction, or breach of contract to marry are hereby abolished."

The first eleven paragraphs allege, in substance, the background of the friendship between the plaintiff and defendant, that plaintiff was employed by the defendant, that defendant compelled plaintiff to have relations with him, that he pro-

fessed his love for her, and also that he told her it was his intention to marry her. The complaint, however, does not allege any breach of promise to marry on the part of the defendant, either by way of refusal to marry or through some other act, such as marriage to another, which would make performance impossible (see 3 Wait on New York Practice, p. 374). Nor do the foregoing allegations set forth a cause of action for seduction. At common law no one but those entitled to the services of the woman seduced could maintain such an action (*Fearon* v. *Treanor*, 272 N. Y. 268).

The conclusion that it was not plaintiff's intention to plead a cause of action for breach of promise or seduction is also fortified by the fact that no damages are claimed by reason of such causes of action. Apparently these allegations were included solely for the purpose of prejudicing the defendant and they could be stricken out on a motion brought under rule 103 of the Rules of Civil Practice on the ground that they are irrelevant, unnecessary and scandalous.

It is well-settled law that when the validity of a complaint is challenged generally, the sufficiency of any one of the multiple causes of action is sufficient to defeat a motion to dismiss the complaint (*Fusco* v. *Brooks*, 263 App. Div. 845; *Halstead* v. *General Ry. Signal Co.*, 268 App. Div. 1060). Thus, even assuming that the first eleven paragraphs of the present complaint plead a cause of action for breach of promise to marry or seduction, which would necessarily be barred by article 2-A of the Civil Practice Act, if the remaining allegations (paragraphs " Twelfth " to " Twentieth " inclusive) state a good cause of action predicated upon breach of contract, then under the afore-mentioned rule the complaint must be held to be legally sufficient.

The gist of the remaining allegations in the first cause of action is that defendant acknowledged the paternity of plaintiff's child and in consideration of certain promises made by the plaintiff to the defendant, defendant agreed, among other things, to make certain financial provisions for the plaintiff and her child and to support the child until he reached the age of twenty-one years. Plaintiff also alleges that although demand was made therefor, defendant has failed to make the requisite payments. In the second cause of action plaintiff reiterates the allegations contained in the first cause and alleges, further, that she has demanded of defendant that he pay for the support and maintenance of the child but that the defendant has failed and refused to pay the same.

Under the common law there was no obligation upon the father of an illegitimate child to furnish necessaries for him. If the putative father acknowledged and recognized the child as his own, however, and requested that he be cared for by others, the father would then be liable to the party providing such care by reason of his expressed agreement. (*Todd* v. *Weber*, 95 N. Y. 181; *Rosseau* v. *Rouss*, 91 App. Div. 230, revd. on other grounds 180 N. Y. 116.) In the latter case the Court of Appeals recognized the validity of such an agreement on the part of the putative father but stated that such agreement should be in writing or corroborated in all substantial particulars by disinterested witnesses.

By subsequent statutory enactments, i.e., article VIII of the Domestic Relations Law (see §§ 119–139), the extent to which the putative father, in the absence of such express agreement, is liable for maintenance and support, and the manner in which the liability is imposed, are set forth at length. These statutes, however, do not deprive the Supreme Court of jurisdiction of actions to enforce agreements for the support of a natural child (*Carroll* v. *Carroll*, N. Y. L. J., June 2, 1939, p. 2540, col. 1, affd. 258 App. Div. 783). There the action was brought on behalf of the infant plaintiff and the mother to recover maintenance and support and other expenses based upon certain alleged promises made by the defendant to make such provision. (See, also, *Ippolito* v. *Terragni*, 140 Misc. 606.) In another later case, *Schneider* v. *Kennat* (267 App. Div. 589), the Appellate Division, First Department, cited with approval the earlier case of *Todd* v. *Weber* (95 N. Y. 181, *supra*), and held that a complaint by third parties to recover for maintenance and support from the putative father, where the latter had previously recognized the child as his own, was legally sufficient. The court stated (pp. 591–592): " In the second cause of action it is alleged that appellant ' admitted and recognized the said child as his own, and requested that plaintiffs acccept and surrender, maintenance and care of said child for the purpose of legal adoption.' Read in conjunction with the other facts stated, that allegation sufficiently sets forth an obligation on the part of the appellant to pay for the child's support. (*Todd* v. *Weber*, 95 N. Y. 181 [*supra*]; *Hook* v. *Pratt*, 78 N. Y. 371.) In the *Todd* case the court stated the pertinent law as follows (p. 189): ' So if he acknowledges or adopts the child as his own, and at his request it is cared for by others, he becomes liable in favor of the party providing for it [cases cited], and remains so

until he renounces the child or otherwise notifies the persons who have it, that he will no longer be bound to them. From these or like circumstances a promise to make compensation may be implied, and of course such a promise may also be expressed by him.' "

The defendant here does not attack the present complaint upon any ground other than that the action is barred by article 2-A of the Civil Practice Act. In the light of the authorities referred to above, the complaint states a good cause of action and the provisions of article 2-A do not bar the same. The motion to dismiss is denied.