HELEN FITE, Respondent, *v.* JOHN MILLER, Appellant.

Fourth Department, March 19, 1952.

*Jay T. Barnsdall, Jr.,* for respondent.

*Marvin M. Simon* for appellant.

*Per Curiam.* The plaintiff's action is to recover from the defendant money alleged to have been expended by her for necessaries in support of the defendant's child. The defendant moved at Special Term to dismiss the complaint under rules 106 and 107 of the Rules of Civil Practice. The order appealed from denied the motion. It does not appear on what grounds or under which rule the denial of the motion was based. We think the denial of the motion under rule 106 to dismiss on the ground that the complaint did not state facts sufficient to constitute a cause of action was error. The complaint was so

drawn that it was not disclosed therein who is the mother of the child and whether the child was born in or out of wedlock. These facts are necessary of determination in adjudicating the responsibility and liability of the defendant. The allegations of paragraph " 3 " of the complaint merely set forth that the defendant, father, " abandoned " the child and " left it in the custody of the plaintiff without any means of support ". Assuming the truth of the allegations of the complaint, we conclude that no cause of action is stated for the reason that there is no allegation that there was any agreement on the part of the defendant to pay the plaintiff for the child's support and the facts alleged are insufficient to imply any obligation running from the defendant to the plaintiff. The motion made pursuant to rule 107 was upon the complaint and the affidavit of the defendant. The plaintiff submitted no answering affidavit. The defendant's affidavit and papers attached thereto reveal the true facts of the matter. It appears that the plaintiff is the mother of the child and that the parties to the action were never married to each other. It further appears that after the child was born, this plaintiff instituted a proceeding in the Children's Court of Erie County for an order of filiation and that after a hearing and blood grouping tests, an order was made which held this defendant to be the father of the child and which directed the defendant to make payments for the support of the child. At common law, the father of an illegitimate child was under no legal obligation to support such child. (*Burger* v. *Neumann,* 189 Misc. 88, affd. 272 App. Div. 1016 and authorities there cited.) The legal liability of such father is statutory. (Domestic Relations Law, art. VIII.) In the absence of an agreement between the father and mother of a child born out of wedlock, jurisdiction of a proceeding to compel support of such child resides in the Children's Court. It was held in *Burger* v. *Neumann* (*supra*) that the provisions of the Domestic Relations Law did not deprive the Supreme Court of jurisdiction to enforce agreements between the parents of an illegitimate child for the support of such child. This plaintiff makes no claim that there was any agreement. For a statement of the requisites of such an agreement see *Rosseaw* v. *Rouss* (180 N. Y. 116). Since the Children's Court of Erie County had jurisdiction of the matter and has made an order pursuant to section 127 of the Domestic Relations Law and has continuing jurisdiction to increase or decrease the amount to be paid by the defendant (Domestic Relations Law, § 131) it must be held that the motion of the defendant to dismiss

the complaint under rule 107 of the Rules of Civil Practice should have been granted. The cases cited by the plaintiff (*Laumeier* v. *Laumeier*, 237 N. Y. 357, and *De Brauwere* v. *De Brauwere*, 203 N. Y. 460) are not in point. In those cases, the parties were or had been married to each other and the children were born in wedlock or so alleged to have been.

The order appealed from should be reversed on the law and facts, without costs and the defendant's motion granted, without costs.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Order reversed on the law and facts, without costs of this appeal to either party and defendant's motion to dismiss the complaint granted, without costs.