JOSEPHINE D. LA BARR, Appellant-Respondent, *v.* MYRON C. LA BARR, Respondent-Appellant.

Third Department, November 12, 1953.

*Morris M. Oppenheim* for respondent-appellant.
*Ellsworth Baker* for appellant-respondent.

IMRIE, J. Plaintiff commenced this action against defendant on December 4, 1949. Her amended complaint sets forth two causes of action. The first is in contract on defendant's failure to make accruing payments under a separation agreement. By the second, alleging that defendant had obtained a Nevada divorce from plaintiff by fraud and false representation, she sought an adjudication of the nullity of the divorce decree and of her position as defendant's lawful wife.

Judgment was rendered after trial before the court without a jury in the Supreme Court of Sullivan County. Plaintiff thereby recovered on her contract cause of action. Her second cause of action was dismissed on the ground that, though the divorce decree was void and of no effect in this State by reason of defendant's fraud, the Statute of Limitations was a bar. Each party has appealed to this court from the judgment.

They were married in this State October 11, 1924. Three children were born to them. They separated prior to June 13, 1935, when they entered into a separation agreement whereby, *inter alia,* defendant agreed to pay to plaintiff the weekly sum of $20 " for the support and maintenance of herself and said three children."

About June 26, 1939, defendant went to the State of Nevada where he brought an action against plaintiff for a divorce. The decree therein was granted August 8, 1939. It included the following, " First: That the Court hereby approves the terms of that certain property settlement entered into between the parties hereto on the 13th day of June, 1935, a copy of which is in evidence herein " and " Third: That the Plaintiff pay to the Defendant the sum of Twenty Dollars ($20) per week for the support and maintenance of the minor children herein, until said children marry or reach the age of majority."

Before defendant left for Nevada, he and plaintiff conferred at the offices of a law firm at Monticello which had represented him when the separation agreement was executed. As a result of such conference she executed a power of attorney or an authorization for a Nevada attorney to appear for her in the prospective divorce action. That instrument contained a condition that provision would be made in the divorce decree for her to continue to receive the same payment for herself and her children as theretofore. She signed only after one of the attorneys had advised her that " there wasn't any catch in it." The latter was not present during the whole conference between these parties. He could not recall the circumstances of the preparation of the power of attorney but was clear that plaintiff

was willing to sign if it contained the above-stated condition for the decree to provide for the continuance of the same support and maintenance of herself and her children. The paper was not produced on the trial and is, apparently, lost.

The court below found that plaintiff was induced to execute the power of attorney upon defendant's representations that the above-stated condition would be performed by him but that he failed to do so and " therefore fraudulently procured the execution of the power of attorney."

While in Nevada defendant was on leave of absence from his employment with New York State Department of Public Works. Soon after obtaining his decree of divorce he returned to this State and resumed his work with that department. On September 2, 1939, he married Zillah V. Towner, with whom he has since resided in the State.

On May 30, 1943, plaintiff and defendant executed a further written agreement. That agreement recited that the Nevada decree had approved their agreement of June 13, 1935, noting the provision therein that defendant was to pay plaintiff " the sum of Twenty ($20) Dollars per week for the support and maintenance of herself and three children ". After referring to a previous and a prospective modification of the terms of the agreement and decree with respect to the custody of two of their children, there appears the following paragraph: " That said agreement shall not be modified in any other way and the party of the first part [defendant] shall still pay to the party of the second part [plaintiff] the sum of Twenty ($20) Dollars weekly ".

Payments as specified by the two agreements continued until November 2, 1943, when defendant sent plaintiff a letter saying that, in accordance with agreements made, weekly payments were being reduced by $6.66 per week because their daughter Joan had become eighteen years of age. The court received no evidence of any agreement of such nature, the decree of divorce being the only document in the record justifying the statement. Payments appear to have been continued in decreasing amounts as each child reached majority according to the Nevada law. Judgment was properly awarded to plaintiff for the unpaid installments under the terms of the agreements between the parties.

The dismissal of her second cause of action was likewise proper but not on the grounds assigned. On the record before us and in the absence of any question of fraud with respect to the instrument authorizing the appearance by an attorney for

this plaintiff in the Nevada court, the divorce decree of that court would be entitled to full faith and credit in this State in spite of the fact that defendant was never a resident of Nevada. (*Matter of Rhinelander,* 290 N. Y. 31, 36–37; *Lynn* v. *Lynn,* 302 N. Y. 193, 201; *Sherrer* v. *Sherrer,* 334 U. S. 343.)

These parties, under the terms of a formal separation agreement, had lived apart for about four years before the incident of plaintiff's execution of the power of attorney. Obviously, we cannot assume the existence of such a confidential or fiduciary relationship between them as would serve to relax the rule that fraud cannot be presumed but must be proved. Proof of fraud is wanting if the evidence is of such a nature as to leave room for an inference of honest intent. Here the weight of evidence was sufficient to raise such an inference. It is reasonable to believe that, from defendant's viewpoint, the decretal approval of the 1935 agreement met the condition imposed by plaintiff. The terms of the agreement of May 30, 1943, nearly four years after the divorce, suggest that he then believed in and recognized the continuing nature of the original separation agreement. We find that the Nevada decree should be regarded as valid.

The judgment appealed from should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Judgment affirmed, without costs. [See 283 App. Div. 677.]