662

MARGARET M. MACPHERSON, Plaintiff, *v.* ALEXANDER MACPHERSON, Defendant.

Supreme Court, Special Term, Monroe County, April 15, 1955.

*Maurice J. Kaman* for plaintiff.

*Milton L. Grossman* for defendant.

WITMER, J. Upon this motion by plaintiff for temporary alimony and counsel fee in her action for divorce defendant sets forth a decree of divorce obtained by him against the plaintiff in Mexico on December 16, 1954. The plaintiff asserts that the decree is a nullity because she did not personally appear in that action in Mexico nor did she empower an attorney to appear for her. Defendant contradicts this, and sets forth a separation agreement between the parties, dated May 24, 1954, which contains paragraph " 16 " upon which the defendant relies, to wit:

" 16. Each party agrees that in the event of the other party institutuing (sic) an action for divorce in a court outside of the State of New York, she or he will appear by counsel in said action so as to confer jurisdiction on the said Court upon the person of the defendant and to defend the same. In the event the defendant in said action fails to retain counsel for the purpose of appearing therein and defending the same, then the plaintiff therein is hereby empowered to retain counsel for the defendant for such purposes."

Defendant claims that in November, 1954, he asked plaintiff, pursuant to said paragraph " 16 " above quoted, to retain counsel to appear for her in an action for divorce which he was about to institute in Mexico, that she refused to do so, and that also pursuant to said paragraph " 16 " of the agreement he then retained an attorney in Mexico to act in behalf of this plaintiff. Defendant further states that such attorney did appear in the action in behalf of this plaintiff (defendant therein), and that the decree of divorce was founded upon such appearance.

It is not questioned that the decree would be valid if the plaintiff did in fact and in law appear by a duly authorized attorney in the divorce proceeding in Mexico. (*Cook* v. *Cook,* 342 U. S. 126; *La Barr* v. *La Barr,* 282 App. Div. 583; *Caswell* v. *Caswell,* 111 N. Y. S. 2d 875, affd. 280 App. Div. 969.) The difficulty with this Mexican decree is that the plaintiff herein did not retain counsel to appear for her as defendant therein and, in fact, no attorney did appear for her therein.

It is true that in said paragraph " 16 " of the separation agreement the plaintiff *agreed* to appear in the husband's action for divorce, if he began such an action. But the parties recognized in drafting said instrument that an agreement to appear by counsel was not the equivalent of an actual retention of and appearance by counsel in a particular action. To implement the agreement and with the purpose of preventing plaintiff from destroying the benefit thereof by refusal to appear or to retain counsel to appear for her, the second sentence of paragraph " 16 " was inserted, which purported to authorize the defendant, in the event of plaintiff's refusal to appear by counsel, to retain counsel to appear for her.

Regardless of what other rights, if any, such sentence may give to defendant, it simply is not a substitute for plaintiff's appearance in the Mexican action and is not an authorization to an attorney to appear for her in any such action. The act of the defendant, purportedly made in pursuance of said para-

graph "16", in employing an attorney to act, as it is claimed, in behalf of the wife, was not an appearance by her, and was not an authorization by the wife to such counsel to appear in such action in her behalf.

When the agreement containing said paragraph "16" was executed, no particular court in which a divorce action might be brought was envisaged by the parties and no particular attorney was designated by plaintiff as authorized to appear for her in a particular court or in any court in such prospective divorce action. In these respects the case of *La Barr* v. *La Barr* (282 App. Div. 583, *supra*), is to be differentiated, as are *Matter of Fleischer* (192 Misc. 777, 782) and *Molnar* v. *Molnar* (131 N. Y. S. 2d 120, affd. 284 App. Div. 948), although even in the latter case the court held the Mexican decree invalid. In *Brewer* v. *Brewer* (24 N. Y. S. 2d 6, 10), the court said: "Authorization to an attorney to appear in an action for absolute divorce must be definite and clear; it must be direct." (And see *Brewer* v. *Brewer*, 24 N. Y. S. 2d 5.) Thus, the provision contained in the second sentence of paragraph "16" does not take the place of an authorization by the wife to a particular attorney to appear in her behalf in a pending or prospective action.

It may also be said in passing that this provision of paragraph "16" comes dangerously close to offending the public policy of this State, as expressed in part in section 51 of the Domestic Relations Law, which provides that "a husband and wife cannot contract to alter or dissolve the marriage". The second sentence of paragraph "16" of this separation agreement, if valid, would amount to consenting to the jurisdiction of any court for a divorce upon any ground without opportunity or desire to contest. It is the next thing to divorce by consent, which is condemned by the statute. (See *Matter of Rhinelander*, 290 N. Y. 31, 37; *Graham* v. *Hunter*, 266 App. Div. 576, 581; and cf. *Matter of Fleischer*, 192 Misc. 777, 782, *supra*.)

Since the Mexican decree is void for lack of jurisdiction over the wife, plaintiff is entitled to temporary alimony and counsel fee herein. Pending the trial hereof defendant will be directed to continue the weekly support payments as provided in the separation agreement, to wit, the sum of $25, which is determined to be reasonable under the circumstances, and defendant is directed to pay to the plaintiff for counsel fee herein the sum of $300, with the right to the plaintiff to apply upon the trial hereof for additional counsel fee as may then appear to be fair and proper.

Submit order accordingly.