George P. Stier, J.
This is an action to declare the nullity of a judgment of divorce which was rendered against plaintiff in an action brought by the defendant in the Circuit Court of Montgomery County, State of Alabama,.
Plaintiff claims that the defendant procured the foregoing-divorce ‘ ‘ upon fraudulent oath and representations to said Court in Alabama” that he was a bona fide resident of that State; and that in furtherance of his fraudulent scheme and device to submit plaintiff to the jurisdiction of the Alabama courts to enable him to procure a divorce upon false and fraudulent testimony, defendant caused plaintiff to sign a document ‘1 termed ‘ contract of employment ’ ’ ’ without any knowledge or understanding of its terms or provisions. By this document plaintiff employed an Alabama attorney at law and authorized him to accept service on her behalf of any legal documents addressed to her in the courts of that State; that if a divorce action should be brought against her upon grounds other than adultery plaintiff authorized said attorney to submit her to the jurisdiction of the Alabama courts and to execute all documents necessary to bring that litigation to a final adjudication with all possible speed, and that if it be averred that the defendant was a resident of the State of Alabama and over 21 years of age she authorized said attorney to admit those allegations as true and correct.
The defendant denied the foregoing charges and asserted two defenses (1) that the decree of divorce, dated November 6, 1954, was rendered in a court of competent jurisdiction upon plaintiff’s appearance in the action through her attorney, and (2) laches, in that the plaintiff took no action to question the appearance entered on her behalf or the resultant decree until almost three years after it was rendered and she obtained know *207 ledge thereof. This defense is dismissed at the threshold as wholly without merit.
The testimony adduced at the trial establishes that a psychologist, whom the defendant consulted about his marital difficulties, advised him to procure a divorce. This recommendation was the subject of discussion between the parties, as was the contemplated Alabama divorce, before the plaintiff executed the instrument employing an Alabama attorney to act for her. Indeed, plaintiff saw the defendant off for Alabama when he left on November 5, 1954, and in her 1955 New York State income tax return she stated, in response to a question as to whether there was any change in marital status, that she was divorced.
Unquestionably, the defendant was never a bona fide domiciliary of the State of Alabama. He not only admitted in his answer that he spent only one day in that State before returning to New York, but he testified that he left for Alabama on Friday evening, November 5, 1954, arrived in Montgomery early the next morning, checked into a hotel, appeared in court and procured a decree of divorce the same day. He left for New York Sunday morning, and resumed his employment there on Monday, November 7,1954. He thereafter continued to see the plaintiff and admitted having relations with her although they lived apart. They appeared together at weddings and social functions, and acquiesced in their being introduced as husband and wife. In due course a child was born to the plaintiff whom defendant refused to recognize as his apparently because he relied upon the validity of his divorce.
The court finds that the plaintiff was not fraudulently induced to appear in the Alabama action; that on November 2, 1954 she executed and acknowledged the foregoing contract of employment and pow'er of attorney, fully aware of the content and purpose thereof, although she may not have known of the procedural details in connection with the procurement of a foreign divorce. She was then 28 years of age, a high school graduate, with business experience of some four years as secretary to a buyer, in which position she handled correspondence and orders. The court is of the opinion that she was sufficiently intelligent to understand the nature of the document which she read before signing and acknowledging it before a notary public in a local store. In fact, she admitted on the witness stand that she knew that thereby she was appointing one Albert Eoemer as her attorney in Alabama.
Having thus voluntarily executed a power authorizing an attorney in Alabama to appear for her in a contemplated divorce *208 action, and to admit on her behalf the jurisdictional allegations of the complaint in that action, plaintiff is estopped from challenging the resultant decree of divorce, the rendering court — a court of competent jurisdiction — having stated in its decree that it “ is of opinion and finds that the Court has jurisdiction of the parties and of the cause of action, and that the complainant is entitled to the relief prayed for (Sherrer v. Sherrer, 334 U. S. 343; Coe v. Coe, 334 U. S. 378; see, also, Johnson v. Muelberger, 340 U. S. 581.)
The fact that the power of attorney, authorizing the Alabama lawyer to appear for the plaintiff in the divorce action brought against her in that State, was prepared and executed in advance of the commencement of the divorce action, did not destroy its effect as a jural document. (La Barr v. La Barr, 282 App. Div. 583; see, also, Laff v. Laff, 4 A D 2d 874, affg. 5 Misc 2d 554.) Nor can this court refuse to give full faith and credit to the Alabama decree, entered as it was upon a voluntary appearance, on the ground that the defendant was never a resident of Alabama. As was stated by the Appellate Division of the Third Department, in La Barr v. La Barr (supra, pp. 586-587): “On the record before us and in the absence of any question of fraud with respect to the instrument authorizing the appearance by an attorney for this plaintiff in the Nevada court, the divorce decree of that court would be entitled to full faith and credit in this State in spite of the fact that defendant was never a resident of Nevada. (Matter of Rhinelander, 290 N. Y. 31, 36-37; Lynn v. Lynn, 302 N. Y. 193, 201; Sherrer v. Sherrer, 334 U. S. 343.) ” The Appellate Division of this Department stated in Shea v. Shea (270 App. Div. 527, 530): “In this State, in personal appearance cases, a foreign divorce decree may not be attacked collaterally where the issue of residence was contested in the foreign jurisdiction * * * nor where, although the opportunity to do so was present, the issue was not litigated ”.
Nor may the Alabama decree be attacked here on the ground that the defendant upon the trial in this court conceded that it was untrue, as claimed by him in his complaint and deposition in the Alabama case, that he was separated from his wife prior to the date of the filing of said complaint, and that plaintiff had been guilty of the cruel and inhuman treatment as therein charged. He stated that on one occasion plaintiff had merely pushed and shoved him.
It is well settled that where a court of a sister State has jurisdiction of the subject matter and of the person, and the decree is substantially responsive to the issues presented by the pleadings “ the full faith and credit clause of the Constitution *209 precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment was based.” (Milliken v. Meyer, 311 U. S. 457, 462.)
Accordingly, the court is constrained to dismiss the complaint solely upon the ground that by her voluntary appearance plaintiff is estopped from collaterally attacking the divorce decree entered against her in the State of Alabama.
This memorandum constitutes the decision of this court within the meaning of section 440 of the Civil Practice Act.
Settle judgment.