Cortland A. Johnson, J.
This action seeks a judgment declaring paternity. Plaintiff, an infant aged 3 years, by his mother as guardian ad litem, alleges that one of the defendants has been since 1944 his mother’s husband; that the other defendant is in fact his father, the plaintiff having been conceived as the result of adulterous intercourse between his mother and such defendant. He prays judgment declaring, among other things, which of the defendants is his father. The defendant not the husband of the guardian ad litem moves to dismiss the complaint as not stating a cause of action.
The sufficiency of the allegations of the complaint to plead any cause of action is doubtful for the reason that there is no clear allegation of nonaccess, the allegations by which a claim of nonaccess seems to be intended being conclusory (Anonymous v. Anonymous, 143 N. Y. S. 2d 221). But there is a stronger reason why the complaint should be dismissed as to the moving defendant. The declaration of paternity sought against him is not one which the courts should pronounce, since no rights whatever will flow under it to the plaintiff.
A child of a man born to a woman not its father’s wife had no legal right of any sort at common law against its father. (People ex rel. Lawton v. Snell, 216 N. Y. 527.) It has no right under the law of New York today except the right of support now contained in article VIII of the Domestic Relations Law, and that right may be enforced only in the proceeding provided by that article by persons therein authorized. The Supreme Court is without jurisdiction of such proceedings, which are created and regulated by the statute mentioned, and by appropriate provisions of the Children’s Court Act and Domestic Relations Court Act.
The exact facts in the pleading here presented do not seem to have existed in any reported case.
*188 Judgments have been rendered declaring maternity (Morecroft v. Taylor, 225 App. Div. 562); that is quite a different matter, for from that status, various legal rights arise.
Cases have also arisen in which a court has declared that a man named by the mother as the father of her child born out of wedlock is not the father of such child (Serralles v. Viader, 3 Misc 2d 683; Hines v. Hines, 12 Misc 2d 486); and in which, at his own instance and over the objection and protest of the woman’s husband, a man not her husband has been declared the father of her child born out of wedlock (Scalone v. Scalone, 199 Misc. 210). The long contested litigation of Urquhart v. Urquhart (185 Misc. 915, affd. 270 App. Div. 759; 188 Misc. 613 affd. 272 App. Div. 60, affd. 297 N. Y. 689, 196 Misc. 664, affd. 277 App. Div. 752) finally resulted in a judgment declaring legitimate paternity.
In no reported case in New York has the type of judgment sought herein been pronounced at the instance of a child or its mother over the objection of a putative father. I believe there is no legal authority for such a judgment, and that the court should not entertain the action. The motion to dismiss is accordingly granted without leave to replead.
Because of the nature of the action, the County Clerk is directed to seal the filed papers herein and the title of the action will not be used in any publication of this decision.
Order signed.