■ MARION J. BOXER, Appellant, v. HERBERT E. BOXER, Respondent.— Appeal from a judgment entered after trial dismissing, on the merits, the complaint in an action for a judgment declaring appellant to be the lawful wife of respondent and declaring null and void an Alabama decree of divorce obtained by respondent against appellant. On November 2, 1954 appellant executed a contract of employment with an Alabama attorney in a divorce action to be commenced against her in Alabama shortly thereafter. She authorized the Alabama attorney to accept service, to execute all documents necessary to bring the action to conclusion and final adjudication with all possible speed, to submit her to the jurisdiction of the Alabama courts, and to admit as true allegations that her husband, the respondent, was a resident of Alabama. The contract of employment was mailed by the respondent's New York attorney to respondent's Alabama attorney. On November 5, 1954 respondent drove to Alabama, arriving there early on November 6. On the basis of admittedly false evidence to the effect that he was a bona fide resident in Alabama and that appellant was cruel to him, respondent obtained an Alabama decree of divorce on November 6, 1954. The decree recited the finding of the court that it had jurisdiction of the parties and of the cause of action. On October 29, 1957 appellant commenced this action in New York. The court found that appellant voluntarily and knowingly executed the contract of employment on November 2, 1954 and that she may not attack the Alabama decree in New York, even though the testimony in the Alabama court with respect to the residence of the respondent and the cruelty of appellant was false. Judgment unanimously affirmed, without costs. The evidence is sufficient to support the finding that appellant voluntarily, knowingly, and

without fraud executed the contract of employment of November 2, 1954. Since appellant appeared in the Alabama divorce action and had been given the opportunity to litigate the question of respondent's domicile, the Alabama decree finding that respondent was a domiciliary of that State is conclusive on the courts of all the other States, if appellant does not have the power subsequently to attack the decree in Alabama. (*Sherrer* v. *Sherrer*, 334 U. S. 343.) Under Alabama law appellant could not attack the Alabama decree because she failed to contest the jurisdictional allegations in the divorce action without negligence, since she knew of their falsity immediately and in time to interpose a defense, and because she failed to appeal from the decree within the time limited by law. (*Levine* v. *Levine*, 262 Ala. 491.)  Under the circumstances, she is not permitted to attack the decree in New York.  Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.  [12 Misc 2d 205.]