Josbph A. Cox, S.
A sister of the intestate has petitioned for letters of administration and the alleged widow of the intestate has cross-petitioned for appointment as administratrix. The intestate procured a divorce decree in the State of Alabama in an action in which the cross petitioner appeared by attorney. The decree of divorce recited that an agreement entered into between the parties on July 28, 1960 is ratified and confirmed. *806 These facts bring the issue squarely within the ruling in Boxer v. Boxer (12 Misc 2d 205, affd. 7 A D 2d 1001, affd. 7 N Y 2d 781) insofar as that decision is based upon the principle of estoppel. The decision of the Alabama Supreme Court in Hartigan v. Hartigan (272 Ala. 67, 75) held that a divorce decree of this type is not binding in any State but that determination is not controlling upon the question of estoppel. Section 87 of the Decedent Estate Law provides that no distributive share of an estate shall be allowed to a spouse who has procured without the State of New York a final decree dissolving the marriage with the decedent where such decree is not recognized as valid by the law of this State. This statutory provision was considered in Matter of Rathscheck (300 N. Y. 346) as applicable to a wholly void divorce decree obtained by the surviving spouse. That decision must be read as imposing upon a spouse who desires to terminate a marriage a penalty which is merely one of the objectives for which the divorce was sought, the termination of rights of inheritance. The cited decision is a definitive ruling that this is the result insofar as the rights of the plaintiff in the divorce action are concerned. The result can be different in respect of the defendant spouse only if it can be said that such spouse did not “ procure ” the divorce. This can be said in those instances where the accused spouse did not affirmatively participate in the procurement of the divorce decree but when the procurement of the decree rested upon the co-operation of both spouses there can be no justification for charging only one of the spouses with a violation of the public policy of this State. When a divorce is obtained by amicable arrangement, each spouse desiring to terminate the marital tie and each taking affirmative action to accomplish that result, it cannot be said that only the nominal plaintiff is the procurer of the divorce. Here, where the divorce decree was procured by the voluntary appearance of the wife and the decree recited an agreement of the parties, the wife cannot be regarded as an innocent party who has been imposed upon. Her action, as much as the action of the husband, procured the divorce. Each party to the marriage sought its termination and each should accept the consequences.
In a dissenting opinion in Rathscheck (p. 356) Judge Conway pointed out the consequences of the decision and, while such comments are dicta, they appear to be an obvious construction of the purpose of the statute: “ By reversing, we make it necessary for an attorney to advise a client (cf. Caldwell v. Caldwell, supra, p. 147; Matter of Anonymous, 274 App. Div. 89) in a contemplated application for a Mexican mail-order decree based solely upon a collusive contract violating our State public policy, that *807 if both enter into such contract (since both must agree and sign) the client will insure the fact that if the marital partner survives, that partner will have no distributive share in the client’s estate. An attorney will be under the necessity of advising his client that if he or she disregards the public policy of this State and enters into such a collusive contract to dissolve the marriage and obtains a mail-order divorce upon it, while it will not affect the marriage obligation in this State, it will immediately put into operation and fix forever rights of descent and distribution of the survivor of the two spouses, that that will be true regardless of what either or both of them may do thereafter and regardless even of a decree of our Supreme Court declaring the Mexican mail-order divorce void and of no effect, upon direct attack with personal jurisdiction of both parties. There may be no repentance.” (Emphasis supplied.)
It is held that the cross petitioner is not entitled to a distributive share of the estate and, for such reason, is not a person entitled to letters of administration (Surrogate’s Ct. Act, § 118). The petition of the intestate’s sister is granted.