Joseph A. Suozzi, J.
By this action plaintiff seeks a declaration that a divorce decree rendered by the Alabama Tenth Circuit Court on January 29, 1957, and a stipulation relating to support and property settlement dated January 26, 1957, incorporated therein, are null and void.
In a second and third causes of action, which were severed to await disposition of this action, plaintiff is seeking a decree declaring a separation agreement dated December 21, 1956, null and void, and declaring the marriage of the defendants of March 4, 1957, null and void, and that plaintiff'is the lawful wife of defendant Stefan Cavallo.
The proof reveals that the plaintiff and the defendant Stefan Cavallo were married in this State on August 8, 1942. They have two sons, 19% and 13 years of age. In May, 1956 plaintiff sued this defendant for divorce and separation in an action which was discontinued in February of 1957 after the events which are hereafter related. By a separation agreement dated December 21, 1956, the plaintiff was given custody of the children, and the defendant agreed to pay her $85 a week for the support of herself and the children. At about the same time plaintiff orally agreed to go to Alabama to institute an action for divorce, for which defendant paid all the expenses and fees.
Pursuant to arrangements made by defendant’s attorney, plaintiff arrived in Birmingham, Alabama, on January 28, 1957, and the next morning went to the office of a Birmingham attorney (one Luther Patrick) who was retained by defendant’s New York attorney, with the knowledge and approval of plaintiff arid her New York counsel, to file the divorce suit for plaintiff. The attorney interviewed plaintiff for some 10 minutes concerning her marital status and the impending divorce.
Plaintiff waited in the reception room while some papers were typed. Shortly after the interview these papers were placed on a desk where plaintiff was sitting, and she was instructed to sign them. Plaintiff testified that as she started to read the *469 papers, Mr. Patrick told her this was unnecessary. She then signed all the papers at the places indicated, left the office and flew back to New York that very afternoon. Plaintiff had asked Mr. Patrick if she would have to appear in court, and he told her she would not.
The stipulation which was submitted to the Alabama court, dated January 26, 1957 and signed by the parties in New York on or about that day, reiterated all the terms of the separation agreement of December 21, 1956, and in addition provided that defendant would convey his half interest in the family home to plaintiff.
Among the papers signed by plaintiff in Alabama, but which she claims she did not read, was an affidavit dated January 29, 1957, which was submitted to the Alabama court with the complaint. This affidavit stated, among other things, that plaintiff was “ a bona fide resident citizen of Jefferson County, Alabama ’ ’ and had been such for the four years next preceding the date of the affidavit; that she then resided at 2525 Park Lane Court, Birmingham, Alabama; and that defendant Stefan Cavallo was then a ‘ ‘ bona fide resident citizen of Birmingham, Alabama ”. The complaint in the Alabama action reiterated substantially the factual allegations contained in the affidavit. It is undisputed that except for her overnight visit of January 28-29, 1957, plaintiff had never been in Alabama, and she has never been there since. Defendant Stefan Cavallo had never been in the State at any time. Neither party was ever domiciled in Alabama, nor did either of them ever maintain a residence there.
A further affidavit was submitted in support of the complaint by one Virginia Paine, who swore that she had known the Cavallos for more than 15 years, that they had been bona fide residents of Birmingham, Alabama, for more than four years, and it contained various other allegations exhibiting an alleged intimate knowledge of their family life. It is not disputed that neither of the Cavallos had ever met, known or even heard of Virginia Paine.
Before plaintiff left New York, defendant Stefan Cavallo had signed an answer and waiver addressed to the Tenth Circuit Court of Alabama in which he admitted the jurisdictional allegations of the complaint, denied all other allegations and waived service of process or notice upon him and agreed that the case be submitted for a final decree without notice to him.
On January 29,1957, the same day that plaintiff had appeared in Mr. Patrick’s office, the complaint, the answer and waiver, the affidavits of plaintiff and the witness Virginia Paine, and *470 the agreement of Jannary -26, were all submitted to the Tenth Circuit Court of Alabama, which issued its final decree of divorce on that date. On March 4, 1957, defendant Stefan Cavallo and the codefendant Betty Cavallo were married.
On the factual situation presented here, the questions raised are: (1) Is this plaintiff: estopped from attacking the decree in this State; and (2) may this court inquire into the validity of the Alabama decree ?
It is the established law in this State that a person who appeared in a divorce proceeding in the foreign State is precluded from attacking it in this State (Boxer v. Boxer, 12 Misc. 2d 205, affd. 7 A D 2d 1001, affd. 7 N Y 2d 781). It is further well established that when a foreign divorce cannot be attacked in the rendering State for lack of jurisdiction by the parties actually before the court there, it cannot be attacked by them in any other State of the Union (Sherrer v. Sherrer, 334 U. S. 343; Coe v. Coe, 334 U. S. 378). The full faith and credit clause of the Constitution so forbids (Johnson v. Muelberger, 340 U. S. 581).
The plaintiff contends that a totally different proposition is presented here than in the Boxer case. According to the plaintiff’s claim, her appearance in Alabama for the purpose of obtaining the divorce was procured by the defendant’s fraud. The fraud upon which the plaintiff relies is (1) her husband’s alleged misrepresentation to her as to his financial condition, upon which she states she relied in executing the agreement of separation and procuring the Alabama divorce; and (2) the false allegations contained in the papers submitted in the Alabama proceeding.
There is no proof in the record as to defendant’s alleged misrepresentation with respect to his financial condition. The court rejected the plaintiff’s offer of such proof because the complaint made no such allegation.
As to the fraudulent allegations in the Alabama proceeding, the evidence before this court supports the plaintiff’s claim that she did not have personal knowledge of (1) the residence requirements of Alabama; (2) the. false allegations as to the parties’ residence in the complaint and affidavit she signed; (3) the affidavit of the witness Virginia Paine and the false allegations contained therein; or (4) the false allegations as to the parties’ residence contained in the defendant’s answer and waiver. The fact remains, however, that the false allegations of which the plaintiff denies personal knowledge were contained in papers prepared and submitted for her by her attorney in Alabama. The fact that the Alabama attorney was selected *471 by the defendant’s New York counsel does not absolve her of any responsibility for the fraud practiced upon the Alabama court, inasmuch as this selection was made with her knowledge and consent and on the advice of her own attorney, who represented her at all times in New York City. Any fraud practiced by this attorney upon the Alabama court is as much her responsibility as that of the defendant (cf. Pimpinello v. Swift & Co., 253 N. Y. 159).
In view of the holding of the Boxer case {supra) and of cases subsequent thereto which have reiterated the principle stated therein (e.g., Shapiro v. Shapiro, 18 A D 2d 34; Zaczek v. Zaczek, 20 A D 2d 902), the court is constrained to hold that the plaintiff is estopped from attacking the Alabama divorce decree in this jurisdiction.
Even though there is no dispute that the parties were never residents of Alabama, and even though the Alabama decree makes no specific finding as to the residence of the parties, this court is precluded from inquiring further here into the validity of the Alabama decree.
What action the Alabama court would take in view of the cases of Hartigan v. Hartigan (272 Ala. 67) and Winston v. Winston (276 Ala. 303) which were decided after the Boxer case, can only be determined by that court. Whether or not the Alabama court would entertain such an inquiry in view of the lapse of some seven years since the Alabama decree was procured is also a matter which must be left to the Alabama court.
Accordingly, the first cause of action is dismissed.