■ PATRICK D. GOLDSMITH, by EDWARD S. BLACKSTONE, His Guardian ad Litem, Respondent, v. STUART M. GOLDSMITH, Appellant, et al., Defendant.— Order, entered March 30, 1965, unanimously reversed, on the law, with $50 costs and disbursements to the defendant, and motion of the defendant-appellant to dismiss the complaint granted, with $10 costs. The complaint does not

show the existence of a bona fide justiciable controversy. Absent such showing, the court should not take jurisdiction of the action. (See *Red Robin Stores* v. *Rose,* 274 App. Div. 462; *Robert E. Tompkins, Inc.* v. *Security Trust Co.,* 277 App. Div. 1090; *Strauss* v. *University of State of New York,* 282 **App.** Div. 593.) The plaintiff alleges that he is the natural child of the defendants, born approximately two years after they were divorced by decree of the Georgia Superior Court, and he prays for judgment declaring that the decree is invalid and that he is the lawful child of the defendants. The documentary evidence submitted on this motion, however, establishes that the Georgia decree is immune from collateral attack. It appears that the defendants, then husband and wife, voluntarily submitted to the jurisdiction of the Georgia Superior Court, Richmond County, and that the decree of divorce rendered by such court on May 27, 1952, recites " that the Court has jurisdiction of the parties to this libel for divorce ". While the record of the proceedings and the decree of the Georgia Superior Court contain no statement showing a residence of either party in the State of Georgia, except an unverified recital in the petition of the petitioner's residence in Richmond County, Georgia, there is no requirement under Georgia law that the petitioner's residence be pleaded or established in any particular form. In any event, a lack of residential requirements does not affirmatively appear on the record. In the absence of a jurisdictional defect appearing on the face of the record, the divorce decree is conclusively binding on the parties who voluntarily submitted to the jurisdiction of the court and upon all persons claiming through them. The decree would not be subject to collateral attack in Georgia. (See *Phillips* v. *Phillips,* 15 Misc 2d 884, and cases cited; *Kicklighter* v. *Kicklighter,* 217 Ga. 54; *Owenby* v. *Stancil,* 190 Ga. 50, 58; *Martocello* v. *Martocello,* 197 Ga. 629, 631; *Thomas* v. *Lambert,* 187 Ga. 616; *Wash* v. *Dickson,* 147 Ga. 540; *Jones* v. *Smith,* 120 Ga. 642.) Since it is not subject to collateral attack in Georgia, the rendering State, the decree is entitled to full faith and credit here and it may not be attacked in this action brought here. (See *Johnson* v. *Muelberger,* 340 U. S. 581; *Boxer* v. *Boxer,* 12 Misc 2d 205, affd. 7 A D 2d 1001, affd. 7 N Y 2d 781; *Klarish* v. *Klarish,* 19 A D 2d 170, affd. 14 N Y 2d 662; *Cavallo* v. *Cavallo,* 45 Misc 2d 467.) Finally, inasmuch as the validity of defendants' said divorce may not be questioned, this action will not lie to resolve an alleged issue of paternity. (*Anonymous* v. *Anonymous,* 17 Misc 2d 187.) The decision of *Urquhart* v. *Urquhart* (185 Misc. 915, affd. 270 App. Div. 759; 188 Misc. 613, affd. 272 App. Div. 60, affd. 297 N. Y. 689; 196 Misc. 664, affd. 277 App. Div. 752) is not controlling. There, it was held that the foreign decree of divorce was subject to collateral attack and, on such basis, the plaintiff sought and was entitled to a declaration of the relationship of legitimate parentage. Here, however, in light of *Johnson* v. *Muelberger* (*supra*), decided by the United States Supreme Court subsequent to the *Urquhart* decision, and in view of the other authorities cited *supra,* we have concluded that the Georgia decree is not subject to attack here and certainly, there is no justification for the maintenance of this action for a determination of paternity where the plaintiff may not succeed in his claim of legitimate parentage. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.